Submitted on record and briefs May 17, affirmed July 11, reconsideration denied
September 14, petition for review allowed December 4, 1984 (298 Or 334)
See 299 Or 12, 697 P2d 189 (1985)

HARRIS,
*Appellant,*

*v.*

CRAIG,
*Respondent.*

(141-986; CA A30282)

684 P2d 30

Arnold Maxwell Harris, Salem, filed the brief *pro se* for appellant.

Griffith C. Steinke, and Clark, Marsh, Lindauer, McClinton & Vollmar, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, a prisoner in the Oregon State Penitentiary, brought this action against defendant physician for alleged malpractice in failing to diagnose plaintiff's medical condition. The cause of action arose in 1978. The complaint was filed in 1983. The trial court ruled that plaintiff's claim was barred by the two-year statute of limitations applicable to medical malpractice claims, ORS 12.110(4), and dismissed his complaint. The court further ruled that plaintiff could not take advantage of the disability statute, ORS 12.160(3),[1] which on its face tolls the statute of limitations for prisoners. The court reasoned that that section of the statute was impliedly repealed by the legislature when it enacted ORS 137.275,[2] which eliminates "civil death or disability" for persons convicted of felonies. We affirm.

In determining whether the enactment of one statute impliedly repeals another, our ultimate objective is to ascertain the intent of the legislature. *State of Oregon v. Buck,* 200 Or 87, 95, 262 P2d 495 (1953). While repeal by implication is not favored, it is not frowned on in appropriate cases. *State of Oregon v. Buck, supra,* 200 Or at 93; *League of Women Voters v. Lane Co. Bndry Comm.,* 32 Or App 53, 59, 573 P2d 1255, *rev den* 283 Or 503 (1978).

---

[1] ORS 12.160 provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.260 is:

"(1) Within the age of 18 years,

"(2) Insane, or

"(3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than the person's natural life,

the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

[2] ORS 137.275 provides:

"Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability, or sustain loss of civil rights or forfeiture of estate or property, but retains all of his rights, political, civil and otherwise, including, but not limited to, the right to vote, to hold, receive and transfer property, to enter into contracts, including contracts of marriage, and to maintain and defend civil actions, suits or proceedings."

In deciding whether ORS 137.275 impliedly repealed ORS 12.160(3), we first decide whether the two statutes are truly in conflict. In *State v. Shumway,* 291 Or 153, 160, 630 P2d 796 (1981), the Supreme Court noted:

"The doctrine of implied repeal of statutes is that when the legislature enacts a subsequent statute which is repugnant to or in conflict with a prior statute, but contains no language expressly repealing the prior statute, the prior statute is impliedly repealed. 1A Sands, Sutherland, Statutory Construction § 23.09 (4th ed 1972). Whether there is an implied repeal depends upon whether the two statutes are conflicting; that is, whether both can be applied or whether a choice has to be made because they are inconsistent." (Citations omitted.)

The statutes here are in direct conflict. ORS 12.160(3) allows prisoners a disability, due to imprisonment, for up to five years. When ORS 12.160 was enacted, Oregon law provided that prisoners suffered "civil death"; they had no civil rights, including the right to maintain and defend civil actions. *See former* ORS 137.240, *repealed by* Or Laws 1975, ch 781, § 10. ORS 137.275, enacted in 1975, restored all civil rights to prisoners, including the right to sue or be sued. That statute, by its plain language, removes the disability caused by imprisonment, whereas ORS 12.160(3) continues it.[3]

By enacting ORS 137.275, the legislature intended to restore full civil and political rights to prisoners. *See* Minutes, Senate Judiciary Committee, March 7, 1975 (SB 425). A necessary concomitant to receipt of the benefits of the law is acceptance of its burdens. The statute of limitations contained in ORS 12.110(4) is such a burden. Insofar as the statute of limitations is concerned, the legislature clearly intended to place prisoners on the same footing as the general public. To allow prisoners greater rights than the general public by providing them with a means of tolling the statute of limitations unavailable to others is plainly inconsistent with legislative intent.

ORS 12.160 is addressed to individuals under a disability, such as minority or mental incapacity. Such persons

---

[3] Plaintiff argues that there is no conflict, because prisoners still suffer a disability in that they are often impoverished and cannot afford the legal and medical expenses involved in maintaining or defending a civil action. We find no support for this position. Under Oregon law, a person's impoverished condition is not recognized as a civil disability. Further, not all prisoners are necessarily impoverished.

have difficulty maintaining and defending suits by reason of disability, whether such disability is imposed by law (minority) or by personal condition (mental incapacity). Prisoners formerly fit into the class. After the enactment of ORS 137.275 in 1975 prisoners no longer lose their civil rights on conviction and, therefore, they are not disabled. We hold that, in enacting ORS 137.275, the legislature impliedly repealed ORS 12.160(3).

Affirmed.