Argued and submitted January 31, reversed and remanded March 26, 1985

# HARRIS,
*Petitioner on Review,*

*v.*

# CRAIG,
*Respondent on Review.*

(141,986; CA A30282; SC S30974)

697 P2d 189

Arnold Maxwell Harris, Petitioner on Review, Salem, argued the cause and submitted briefs *pro se.*

Edward L. Clark, Jr., Salem, argued the cause for Respondent on Review. With him on the briefs were Griffith C. Steinke and Clark, Marsh, Lindauer, McClinton and Vollmar, Salem.

PER CURIAM

## PER CURIAM

Plaintiff, who was imprisoned under a felony conviction, sued defendant for damages, alleging medical malpractice. The trial court dismissed the complaint as barred by the statute of limitations, over plaintiff's objection that ORS 12.160(3) extends the period during which an imprisoned person may commence an action for a period up to five years. The trial court held that this extension of time was implicitly repealed by 1975 legislation abolishing "civil death" and dismissed plaintiff's complaint. The Court of Appeals affirmed, 69 Or App 174, 684 P2d 30 (1984), and we allowed review. We reverse and remand the case to the circuit court.

ORS 12.160 provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.160 is:

"(1)   Within the age of 18 years,

"(2)   Insane, or

"(3)   Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than the person's natural life,

the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

This is the current version of a statute that has been part of Oregon law since early statehood. In 1975, the legislature enacted ORS 137.275, which provides:

"Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability or sustain loss of civil rights or forfeiture of estate or property, but retains all of his rights, political, civil and otherwise, including, but not limited to, the right to vote, to hold, receive and transfer property, to enter into contracts, including contracts of marriage, and to maintain and defend civil actions, suits or proceedings."

The Court of Appeals stated that the statutes "are in direct conflict," reasoning that ORS 137.275, "by its plain language, removes the disability caused by imprisonment,

whereas ORS 12.160(3) continues it." 69 Or App at 177. That is not correct. Although the word "disability" appears in both statutes, ORS 12.160(3) does not create or continue a legal disability preventing imprisoned persons to conduct civil litigation. It does not provide that imprisoned persons may not sue, only that they need not do so as early as if they were at liberty.

Persons sentenced for felonies were denied the right to sue until the simultaneous repeal of former ORS 137.240, the "civil death" statute, and passage of ORS 137.275. Or Laws 1975, ch 781, §§ 1, 10. But ORS 12.160(3) and its predecessors were written in terms of imprisonment, not conviction of a felony. The "civil death" statute denied felons the right to sue, along with other civil rights, as a deprivation, in effect an additional penalty for commission of the felony. ORS 12.160(3), in contrast, extends a benefit to prisoners, ameliorating the collateral consequences of imprisonment for whatever private rights and relationships they may need to pursue in the civil courts. The statute refers to persons "imprisoned on a criminal charge," which may occur before trial or upon conviction of a misdemeanor. Such persons were not disqualified by the concept of "civil death." Disqualification by "civil death" originally followed a "judgment of imprisonment in the penitentiary for any term less than life," Gen Laws of Oregon, ch 53, § 701 (Deady 1845-64), which was translated in 1961 into "conviction of a felony," *former* ORS 137.240(2) ( *repealed by* Or Laws 1975, ch 781, § 10). A person convicted of a felony, however, may not be imprisoned. The two categories are not congruent.

Nothing prevents applying ORS 12.160(3) after the enactment of ORS 137.275 as before. To the contrary, the interpretation given ORS 137.275 by the Court of Appeals would leave the rights of persons imprisoned for a felony to pursue civil litigation more restricted in time than the rights of persons imprisoned for misdemeanors or pending trial. That distinction seems less consistent with the purpose of ORS 137.275 than to let ORS 12.160(3) apply equally to all such persons.[1]

---

[1] The Court of Appeals referred to phrases appearing in past cases that repeal by implication is "not favored" but that it is "not frowned upon in appropriate cases." 69 Or App at 176, citing *State of Oregon v. Buck,* 200 Or 87, 262 P2d 495 (1953). These

The decision of the Court of Appeals is reversed and the case is remanded to the circuit court for further proceedings.

---

phrases wrongly imply a judicial preference and should be abandoned. The question is not whether a court favors or frowns upon the practice of making a new law without reexamining and repealing or amending all inconsistent laws, but when a court will conclude that the new law was meant to override such an inconsistent prior law. If the two are totally irreconcilable, the later will prevail whether or not it is described as an "implied repeal"; but if the statutes can function together, a claim that the earlier statute is superseded depends on some persuasive indication that the legislature meant the new statute to prevail over a unrepealed (and perhaps unnoticed) one.

Our conclusion is consistent with the results reached in *Turner v. Evans,* 721 F2d 341 (11th Cir 1983) (Georgia law) and in *Ortiz v. LaVallee,* 442 F2d 912 (2d Cir 1971) (New York law). *See also Stephen v. Dowdle,* 733 F2d 642 (9th Cir 1884). As we decide the case under Oregon law, we do not pursue defendant's suggestion that those cases were wrongly decided.