Argued and submitted December 19, 1988, reversed and remanded September 6, reconsideration denied November 24, petition for review denied December 12, 1989

(308 Or 608)

# LUCHINI,
*Appellant,*

*v.*

# HARSANY et al,
*Respondents.*

## (A8710-06584; CA A47760)

779 P2d 1053

Richard P. Noble, Lake Oswego, argued the cause for appellant. With him on the briefs was Kathryn H. Clarke, Portland.

Emil R. Berg, Portland, argued the cause for respondents. With him on the brief was Hallmark, Keating & Abbott, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this medical malpractice case, plaintiff challenges the trial court's granting of a motion to dismiss by defendants Harsany and Harsany's professional corporation (defendants). Plaintiff is the conservator of the protected party and real party in interest, Alexis Luchini.[1] We reverse.

Harsany, an obstetrician, delivered Alexis in May, 1984. Plaintiff claims that Alexis was injured by defendants' negligence during delivery. In December, 1984, plaintiff commenced a lawsuit against Harsany's professional corporation. On October 2, 1987, 10 days before trial, plaintiff gave notice of dismissal of the claim under ORCP 54A(1),[2] which allows a plaintiff voluntarily to dismiss a case without an order of the court if notice is served on the defendant not less than five days before trial. ORCP 54A(1) requires the court to issue the first judgment of dismissal without prejudice, unless the plaintiff stipulates otherwise. The court did that here. On October 23, 1987, plaintiff filed an action on behalf of Alexis against Harsany, Harsany's professional corporation and another physician and his professional corporation. This appeal concerns only Harsany and his professional corporation.

Defendants moved to dismiss the complaint, asserting that, either because a conservator had been appointed for Alexis or because plaintiff had commenced a previous action, Alexis was not entitled to the five-year extension of the Statute of Limitations for minors provided by ORS 12.160. Accordingly, they argue, the new complaint was filed after the two-year period which, under the facts of this case, expired

---

[1] A conservator may bring an action in her own name for the benefit of the real party in interest. ORCP 26A.

[2] ORCP 54A(1) provides:

"Subject to the provisions of Rule 32 D. and of any statute of this state, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded, or (b) by filing a stipulation of dismissal signed by all adverse parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal."

two years after awareness of the injury was imputed to plaintiff by reason of the filing of the first complaint in December, 1984. The question is whether the extension of the limitation on account of the protected party's minority is lost if a conservator is appointed or if the conservator commences an action. Because the trial court did not state the basis for its action, we discuss both possibilities.

Neither Oregon appellate court has ruled on the effect of the appointment of a conservator or the commencement of an action on the extension granted by ORS 12.160, which provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.250 is:

"(1)  Within the age of 18 years,

"(2)  Insane, or

"(3)  Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than the person's natural life,

the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability."

The language of the statute gives an unqualified extension to the protected parties. In *Harris v. Craig,* 299 Or 12, 14-15, 697 P2d 189 (1985), the Supreme Court, while discussing the effect of the repeal of the former "civil death" statute on ORS 12.160, pointed out that prisoners had a need to ameliorate "the collateral consequences of imprisonment for whatever private rights and relationships they may need to pursue in the civil courts." 299 Or at 15. It held that the express repeal of the "civil death" statute, which had precluded prisoners from suing, did not impliedly repeal the statutory extension of the Statute of Limitations. 299 Or at 15.

The court did not describe the "collateral consequences" that would be ameliorated by the extension of the limitations period. The California Court of Appeals was more specific. In *Aronson v. Bank of America,* 42 Cal App 2d 710, 109 P2d 1001 (1941), the court held that "the appointment of

a general guardian has no effect upon the tolling of the Statute of Limitations as to a cause of action accruing to or 'vesting' in a minor." The court also reaffirmed its own reasoning on the same issue in an earlier opinion in the same case. 42 Cal App 2d at 720. In the earlier opinion, the court had reasoned that the appointment of a guardian does not affect the extension of the Statute of Limitations, because the minor still may be unaware of legal rights, is presumed to have difficulties in informing the guardian of sufficient facts to disclose the existence of a legal cause of action and may have difficulties testifying. *Aronson v. Bank of America*, 65 P2d 823, 826 (Cal App 1937), *superseded on other grounds*, 9 Cal 2d 640, 72 P2d 548 (1937). We find that the analysis in *Aronson* persuasively describes the obstacles facing minors, prisoners and the insane when they have causes of action for personal injury.

■ The majority of jurisdictions agree that, except in cases where a guardian or conservator has the legal title to property belonging to the estate of the protected person and the action involves that property, the right to sue remains in the protected person after the appointment of the guardian or conservator. *See, e.g., In re Sheehan*, 290 Ill App 551, 9 NE2d 63 (1937). The Supreme Court of Washington recently interpreted RCW 11.88, a statute similar to ORS 12.160, and explained:

> "The tolling statute's plain language indicates that the right it confers on the 'person entitled to bring an action' is not diminished by the appointment of a guardian. The words 'the time of such disability' refer to the person's disabling condition itself, not merely the disability to bring suit." *Young v. Key Pharmaceuticals, Inc.*, 112 Wash 2d 216, 221, 770 P2d 182 (1989).

When the right to sue remains in the person, as in personal injury cases,[3] the appointment does not remove the statutory extension of the Statute of Limitations for minors. *See generally Annot.*, 86 ALR 2d 965, §§ 5, 6 (1962 & Later Case Service).

Our holding in *Banda v. Danner*, 87 Or App 69, 741 P2d 514 (1987), *aff'd by an equally divided court*, 307 Or 302,

---

[3] In Oregon, a minor retains the right to sue in personal injury cases. *Everart v. Fischer*, 75 Or 316, 145 P 33 (1915).

766 P2d 385 (1988), may be read to suggest that appointing a guardian *ad litem* or a conservator removes the benefit of a statute such as ORS 12.160. In applying part of the Oregon Tort Claims Act, ORS 30.275(2), we first stated that minors have a 90-day extension, or 270 days total, to give notice of a claim. We then concluded that the claim there was valid, because the guardian *ad litem* gave notice within 180 days after the guardian's appointment. That implies that the 90-day extension had been eliminated. Because we held that the plaintiff had in fact given notice within the 180-day period, the additional 90 days was not at issue, and *Banda* is not express precedent for saying that appointment of a guardian or conservator destroys extensions of time for disabilities. In any event, *Banda* construed the Oregon Tort Claims Act, not ORS 12.160.

In another case, we suggested in *dictum* that a conservator's ability to litigate might prevent the extension of the Statute of Limitations under ORS 12.160. In *Guyot v. Multnomah County,* 51 Or App 373, 379-80, 625 P2d 1344 (1981), we held that the appointment of a conservator for Guyot's estate, but not his person, did not *create* a disability as defined in ORS 12.160, so that the appointment did not in and of itself extend the limitation. 51 Or App at 379. We also stated in *dictum* that the "existence of a conservator's litigative [*sic*] authority militates against the tolling of limitation periods while the conservatorship is in existence." 51 Or App at 379. The question of whether an appointment of a conservator would *prevent* extending the limitation for an existing disability provided under ORS 12.160 was not at issue in the case. We conclude that the *dictum* was wrong. We base that conclusion on the need, despite the existence of a conservator, to ameliorate the "collateral consequences" of the disabilities listed in ORS 12.160. We hold that, in personal injury cases, the appointment of a conservator does not remove the litigation difficulties suffered by minors, including lack of knowledge of legal rights, problems with investigating, preparing and filing an action and problems testifying.[4]

---

[4] Although we recognize that not every minor will in fact suffer these litigation difficulties, the purpose of the statute was to ameliorate such difficulties.

■      The next question is whether the actual commencement of litigation by a conservator terminates the time extension. The length of a limitation for bringing a particular claim is set by the legislature after considering the difficulty of discovering that a claim exists, the difficulty of preparing a complaint and social policy. For an individual who is not disabled, as defined by ORS 12.160, the limitation period is not truncated if he files a complaint and voluntarily dismisses the action before the Statute of Limitations runs. The same considerations are involved for the extended limitation period. There is no reason why a person protected by ORS 12.160 who properly files and dismisses a complaint without prejudice should not have the same right as a nondisabled person to refile within the applicable statutory limitation period so long as his disability continues. The period includes the five-year extension but extends no longer than one year after the disability ends. Also, as the Washington Supreme Court pointed out in *Young v. Key Pharmaceuticals, Inc., supra,* because the right to the extension belongs to the protected person, not the guardian, the guardian's commencement of litigation that does not result in a final judgment should not affect the period of limitation. 112 Wash 2nd at 223.

It is the established rule in the majority of jurisdictions deciding the issue that the mere commencement of litigation has no effect on a tolling statute. *See Annot.,* 30 ALR4th 1092, 1093 (1984).[5] A Texas appellate court has broken with the rule. *Johnson v. McLean,* 630 SW 2d 790 (Tex App 1982). The Eighth Circuit, interpreting Missouri law, also held that filing a complaint destroys any disability that a plaintiff may have suffered. *White v. Murphy,* 789 F2d 614, 615 (8th Cir 1986). No other jurisdictions have followed Texas or the Eighth Circuit. The majority continues to hold that the extension created for minors, prisoners and the mentally handicapped is not terminated by the commencement of litigation by the representative. *See, e.g., Van Buskirk v. Todd,* 269 Cal App 2d 680, 75 Cal Rptr 280, 286 (1969); *Haberkorn v.*

---

[5] Most of the cases discussing the commencement of litigation refer to actions taken by either a guardian *ad litem* or a next friend. In Oregon, a conservator has the statutory authority to commence litigation, so a special appointment as guardian *ad litem* is not necessary. ORS 126.313(25); ORS 126.080(1)(h). For the purposes of analyzing the effect of the commencement of litigation under ORS 12.160, there is no distinction among actions taken by a conservator, a guardian or a guardian *ad litem.*

*ROHM-GMBH*, 709 P2d 44 (Colo App 1985); *Gundershein v. Bradley-Mahony Co.*, 195 NY 5539, 68 NE2d 599, 600 (1946); *see generally Annot.*, 30 ALR4th 1092 (1984 & Supp 1988).

There is no merit to defendants' argument that *Dotson v. Smith*, 307 Or 132, 764 P2d 540 (1988), affects the interpretation of ORS 12.160. *Dotson* analyzed ORS 12.155,[6] which provides that a person who makes an advance payment for an injury must notify the claimant of the expiration date of the Statute of Limitations within 30 days after the payment, or the statute is tolled. The plaintiff had received an advance payment, but no proper notice, and then had filed a lawsuit within the limitation period. The lawsuit had been dismissed for failure to prosecute, and a second lawsuit was filed after the normal two-year period had run. The Supreme Court held that filing the first action had fulfilled the purpose of ORS 12.155, which was "to protect a person from being 'lulled' into falsely believing that there is no limitation on when he can commence an action." 307 Or at 138, *quoting Duncan v. Durbin*, 276 Or 631, 637, 556 P2d 105 (1976). Filing the first case showed that the plaintiff had not been lulled into a false belief that the statute would not run, so the notice became irrelevant, and the purpose of the statute had been fulfilled. 307 Or at 139. In this case, commencing litigation did not fulfill the purpose of ORS 12.160, which, as *Harris v. Craig, supra*, explained, "ameliorates the collateral consequences" of minority, imprisonment or insanity, "when pursuing private rights and relationships in the civil courts." In addition, although ORS 12.155 tolls the Statute of Limitations *only if*

---

[6] ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Director of the Department of Insurance and Finance prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

the payor fails to provide proper notice to the claimant, ORS 12.160 provides an unqualified extension of the statute for categories of persons designated as having a disability. Commencing litigation does not remove the disability.

Reversed and remanded.