951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gilbert L. LANE, Plaintiff-Appellant,
v.
Art MARTINAK, et al., Defendants-Appellees.
 No. 90-35805.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 11, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert L. Lane, an Oregon state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in Lane's 42 U.S.C. § 1983 action. The district court granted summary judgment because Lane's action was not filed within the limitations period of Or.Rev.Stat. § 12.110(1). We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and affirm.
 
 
 3
 Lane contends that his action was not barred by the statute of limitations because his imprisonment tolled the running of the limitations period. This contention has merit.
 
 
 4
 In Oregon, the two-year statute of limitations for personal injury actions applies to section 1983 actions. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir.1989) (citing Or.Rev.Stat. § 12.110(1)). Under Or.Rev.Stat. § 12.160(3),[1] the limitations period tolls during a plaintiff's imprisonment. Boag v. Chief of Police, City of Portland, 669 F.2d 587, 589 (9th Cir.), cert. denied, 459 U.S. 849 (1982). Moreover, a section 1983 action does not accrue under federal law until " 'a plaintiff knows or has reason to know of the injury which is the basis of his action.' " Id. (quotation omitted).
 
 
 5
 Here, Lane's section 1983 claims accrued in late 1985, when he discovered that his prison meal was infested with maggots and boll weevils.[2] Lane filed his section 1983 complaint on June 8, 1990, which was approximately two and one-half years outside the two-year limitations period. Nevertheless, under Or.Rev.Stat. § 12.160(3), the two-year limitations period was tolled during the time that Lane was imprisoned. Because the language of Or.Rev.Stat. § 12.160 "gives an unqualified extension [of five years] to the protected parties," Luchini By and Through Luchini v. Harsany, 98 Or.App. 217, 220, 779 P.2d 1053, 1054 (1989), if he was continuously incarcerated, Lane had up to seven years from the date of accruement to file a timely section 1983 complaint. See id. at 223, 779 P.2d at 1056; see also Harris v. Craig, 299 Or. 12, 15, 697 P.2d 189, 190 (1985) (holding that a law enacted by the state legislature in 1975 did not implicitly repeal the five-year extension of time during which an imprisoned person may commence a civil action). Based on the record before us, it appears that Lane has been continuously incarcerated since the cause of action accrued. Accordingly, because (1) Lane's imprisonment tolled the statute of limitations; and (2) Lane filed his section 1983 complaint within the extended limitations period specified in Or.Rev.Stat. § 12.160(3), his complaint was timely filed. See Boag, 669 F.2d at 589; Harris, 299 Or. at 15, 697 P.2d at 190; Luchini, 98 Or.App. at 220, 779 P.2d at 1054.
 
 
 6
 Nevertheless, this court can affirm a district court decision on any ground supported by the record. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). In order for Lane to state a claim under 42 U.S.C. § 1983 based on a violation of his eighth amendment right to adequate food, Lane must show that the prison officials acted with deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). "Isolated occurrences of neglect do not amount to deliberate indifference." Wood v. Sunn, 865 F.2d 982, 988-89 (9th Cir.1988).[3]
 
 
 7
 Here, there are no facts alleged that could amount to deliberate indifference toward Lane by the prison officials. Lane stated in his complaint that once he notified the prison guards that his meal was infested, the guards replaced his meal. Therefore, Lane cannot state a section 1983 claim because he has not shown that the defendants acted with deliberate indifference. See id. Moreover, in light of the fact that the guards replaced the meal, Lane suffered no compensable injury. See Carey v. Piphus, 435 U.S. 247, 255 (1978). Accordingly, we affirm the district court's grant of summary judgment in favor of the appellees.[4]
 
 AFFIRMED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Or.Rev.Stat. § 12.160 provides in pertinent part:
 If, at the time the cause of action accrues, any person ... is:
 * * *
 (3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than the person's natural life,
 the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases.
 Or.Rev.Stat. § 12.160 (1989).
 
 
 [2]
 Lane's section 1983 complaint does not indicate the exact date of the alleged civil rights violation
 
 
 [3]
 Because Lane was a pretrial detainee at the time of the alleged wrongful conduct, his section 1983 action arises from the due process clause of the fourteenth amendment rather than the cruel and unusual punishment clause of the eighth amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Nevertheless, the eighth amendment guarantees provide a minimum standard of care for determining Lane's rights as a pretrial detainee. See Jones, 781 F.2d at 771
 
 
 [4]
 Lane also contends that the district court erred in denying his motion to disqualify the magistrate assigned to his case. This contention is erroneous because the district court granted Lane's motion to disqualify the magistrate
 
 
 [5]
 Lane's motion to strike the mental health issue from his opening brief is granted