Argued and submitted May 15, vacated and remanded in part; otherwise affirmed September 9, 1998

STATE OF OREGON ex rel DEPARTMENT
OF HUMAN RESOURCES,
*Respondent,*

*v.*

Craig E. LEWELLING,
*Appellant,*

*and*

Kimberly S. BYRD,
*Obligee-Respondent.*

(C-910014 FI; CA A97976)

964 P2d 1104

See also, 144 Or App 323, 925 P2d 597.

William B. Wyllie argued the cause and filed the brief for appellant.

John T. Bagg, Assistant Attorney General, argued the cause for respondent State of Oregon ex rel Department of Human Resources. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance by obligee-respondent Kimberly S. Byrd.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Warden, Senior Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals from a money judgment arising out of a filiation proceeding. ORS 109.124 *et seq.* The judgment followed a jury verdict establishing paternity. The judgment requires defendant to reimburse the state for costs of blood tests performed to determine paternity in the amount of $375 and for support of his child paid by the state totaling $1,564. It also includes a judgment for $7,643.25 for attorney fees and costs incurred by the state that includes expert witness fees in the amount of $2,357.37. We affirm the judgment for the cost of the blood tests. We vacate the judgment for the past support obligation and remand. As to the judgment for attorney fees and costs, we reverse the portion of the judgment that awards the expert witness fees.

Defendant makes four assignments of error on appeal. He first assigns error to the judgment for the past support obligation. Defendant argues that there are no pleadings alleging the amount due, that no evidence was offered of the amount due and that the state is barred from collecting support paid by the state before October 1995. The state concedes that there is no record to support a basis for the support judgment. While the trial court record includes a 1991 Notice and Finding of Financial Responsibility that indicates that defendant should pay $168 per month and affidavits from the child's mother as to what her income and expenses were in 1992, there is no evidence of how the amount of $1,564 was calculated. As a result, we vacate the judgment for $1,564 and remand on that ground.

Despite the concession by the state, defendant argues that remand is inappropriate because the support that the state seeks to recover was furnished before October 1995. Defendant relies on ORS 416.422, which provides:

"(1) Past support may not be ordered for any period of time prior to the later of:

"(a) October 1, 1995; or

"(b) The date of the application for service from, or, in the case of a mandatory referral based on the receipt of public assistance, the date of the referral to, the child support

program administered under Title IV-D of the Social Security Act.

"(2)   The past support provisions of the amendments to ORS 416.00, 416.415, 416.435 and 416.450 by sections 8, 9, 10, and 11, chapter 514, Oregon Laws 1995, apply only to actions initiated on or after October 1, 1995."

The state counters:

"The second section of the new law says it applies only to actions initiated on or after October 1, 1995, and because this proceeding seeks 'past support' (formerly, 'state debt') and was initiated long before the new law's effective date, the limitation in the statute does not apply."

Whether ORS 416.422 precludes the state from collecting support furnished before October 1995 is a question of statutory interpretation. The first level of statutory interpretation requires us to look at the text and context of the statutory provision itself for evidence of the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The context of a statute includes other provisions of the same statute, other related statutes and prior enacted versions of the same statute. *Id.* at 611; *Kreiger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994).

The district attorney for Washington County commenced this action in January 1991 as an administrative support case under ORS 416.400 *et seq.* The version of ORS 416.410 in effect in 1991 provided, in part:

"(1)   *[Any] payment of public assistance by the department made to or for the benefit of any dependent child, including any payment made for the benefit of the caretaker of the child, creates an obligation, to be called 'state debt,'* which is due and owing to the department by the parents of the dependent child in an amount equal to the amount of public assistance so paid; provided, however, that:

"(a)   *Where there has been an Oregon court order directed to a parent, the state debt of that parent shall be an amount equal to the amount of public assistance paid up to the full amount of arrearages under the order,* and shall thereafter be limited to and accrue at a rate equal to the payments ordered by the court.

"(b)    *Where there has been no court order, the adminis-
trator may at any time set or reset the amount of state debt
accrued and accruing.*

"(2)    If public assistance is or has been paid, the depart-
ment shall be subrogated to the right of the dependent child
or person having legal or physical custody of such child to
prosecute or maintain any support action or execute any
administrative remedy existing under the laws of the State
of Oregon to obtain reimbursement of moneys thus
expended. *If a court order enters judgment for or requires
payment of an amount of support to be paid by a parent, the
department shall be subrogated to the debt created by such
order, to the extent that public assistance has been paid,* and
such court order shall be deemed to be in favor of the
department." (Emphasis supplied.)

Thus, in 1991, a support proceeding initiated through the
administrative process allowed recovery by the state of mon-
ies it had paid for support but did not otherwise authorize the
recovery of support.

After defendant denied paternity in response to the
administrative action and requested a hearing in the circuit
court, the district attorney sought and received leave to claim
support from the child's birth date in 1989.[1] The matter went
to trial in May 1992, and, as a result of a hung jury, a mistrial
was declared. In July 1995, the matter was retried, and the
jury returned a verdict establishing defendant's paternity.
Defendant appealed to this court, and we affirmed the pater-
nity judgment but remanded for a hearing on attorney fees
and costs. *State ex rel DHR v. Lewelling,* 144 Or App 323, 925
P2d 597 (1996). At the hearing on attorney fees and costs
before the trial court in April 1997, the state sought a judg-
ment for support. By that time, the 1995 amendments to
ORS 416.400 *et seq.* were in effect.

The amendments to ORS 416.400 *et seq.* by Oregon
Laws 1995, chapter 514, replaced the phrase "state debt"
with the phrase "past support" and expanded the statute to

---

[1] Pursuant to ORS 416.430(4) (1989), the provisions of ORS 109.145 *et seq.*
applies to proceedings certified to circuit court. ORS 109.155(4) (1989), in contrast
to ORS 416.410 and ORS 416.415 (1989), allows for awards of past and future sup-
port, prenatal, birth and postnatal care and expenses.

provide for recovery of support by private individuals. ORS 416.400(10) as amended provides:

> " 'Past support' means the amount of child support that could have been ordered and accumulated as arrears against a parent for the benefit of child for any period of time during which the child was not supported by the parent and for which period no support order was in effect."

In contrast, "state debt" under the former statute referred to any payment of public assistance made to or for the child's benefit by the Department of Human Resources. ORS 416.400, ORS 416.410(1) (1989).

Also, ORS 416.410 (1989), as quoted above, was repealed in 1995 and was replaced with ORS 416.415, which provides, in part:

> "(1)(a) *At any time* after the Department of Human Resources is assigned support rights, a public assistance payment is made, *an application for enforcement services under ORS 25.080 is made by an individual who is not a recipient of public assistance* or a written request for enforcement of a support obligation is received from the state agency of another state responsible for administering the federal child support enforcement program, *the administrator may, if there is no court order, issue a notice and finding of financial responsibility.*" (Emphasis supplied.)

In sum, the 1995 amendments allow a private individual caring for a child without public assistance to recover support through the state's enforcement services.[2] The issue then is whether defendant is correct that under the 1995 amendments, the state is barred from reducing amounts paid by it as support before October 1995 to judgment after October 1995.

---

[2] Other Oregon statutory provisions provide procedures for collecting child support. *See generally* ORS 25.010 *et seq.* (support enforcement); ORS 109.124 *et seq.* (filiation proceedings); ORS 110.300 *et seq.* (Uniform Interstate Family Support Act). Further, ORS 416.405 provides, in part:

> "The existing remedies pertaining to family desertion and nonsupport of dependent children are to be augmented by the additional remedies provided in ORS 416.400 to 416.470 which are directed to the real and personal property resources of the responsible parents. These additional remedies are not in lieu of existing law."

In construing the meaning of ORS 416.422, we have considered it in the context of the other 1995 amendments and the language of former ORS 416.410.[3] We conclude that the legislature intended to prevent only private individuals from using the 1995 amendments to obtain judgments for support that was furnished before October 1995. When read in context, the amendments replacing the phrase "state debt" with the phrase "past support" do not evidence an intention by the legislature to prohibit the state from reducing to judgment after 1995 what would have been "state debts." The state initiated this action in 1991; therefore, to the extent that the state seeks judgment for monies that it paid before 1995, ORS 416.422 does not operate as a bar.[4]

In his second assignment of error, defendant argues that the trial court erred when it required him to pay costs incurred by the state for expert witness fees. At trial, the state called two expert witnesses to testify about the results of the blood tests in relation to the issue of paternity. Defendant argues that neither witness was appointed by the court and that the testimony of the second witness was cumulative of the first expert's testimony. Our review of the court record reveals no order appointing the witnesses. Defendant urges the application of ORS 109.256(2), which provides: "The fee of an expert witness called by a party but not appointed by the court or administrator shall be paid by the party calling the witness but shall not be taxed as costs in the action."[5] The state relies on ORS 109.155(4), which provides, in part: "The court may grant the prevailing party reasonable costs of suit,

---

[3] Assuming without deciding that the text and context of ORS 416.422 is ambiguous, the legislative history underlying the statute shows that the amendments were meant to conform with federal mandates to allow custodial parents not on public assistance the ability to use state enforcement procedures equivalent to those available to the states. Testimony, Senate Judiciary Committee, SB 212, April 5, 1995, Ex J.

[4] ORCP 3 provides: "[A]n action shall be commenced by filing a complaint with the clerk of the court."

ORS 12.020 provides, in part: "[A]n action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant * * *." The court records show that the state met these requirements at least by July 1991 when the case was certified to circuit court for hearing. The terms commenced and initiated are interchangeable for purposes of this case.

[5] Or Laws 1953, ch 628, § 3. ORS 109.256(2) is part of the Uniform Act on Blood Tests to Determine Paternity enacted in 1953.

which may include expert witness fees, and reasonable attorney fees at trial and on appeal." The language referring to expert witness fees in ORS 109.155(4) was added in 1989 and applies to proceedings brought under ORS 109.124 *et seq.*[6] Statutes that purport to conflict should be read in a manner that will harmonize their import, in the absence of persuasive indication that the legislature meant the later-enacted statute to prevail over an unrepealed statute. *Harris v. Craig*, 299 Or 12, 15 n 1, 697 P2d 189 (1985). Here, when read together, the statutes require the state to obtain a court order approving the appointment of expert witnesses before it can recover the costs of such a witness from a defendant under ORS 109.155(4). Because there is no order in the record appointing the expert witnesses, the trial court erred in entering judgment against defendant for their fees.

The third error that defendant assigns is the award of attorney fees. Defendant argues that there is no evidence that the 70.6 hours expended by the state's attorney in the litigation of this matter were either reasonable or necessary. The record includes a statement for attorney fees presented by the state suggesting factors the court could consider in determining the reasonableness of the request and a detailed activity report describing the time performed on each task leading to and including trial. We hold that the trial court's ruling awarding attorney fees was within its range of discretion in light of the record.

Finally, defendant assigns error to the judgment for the costs for the second set of blood tests. He argues that the second tests were not necessary. The second set of blood tests included DNA testing not conducted in the first blood tests. It was reasonable for the trial judge to have awarded costs incurred by the state regarding the second tests in light of the state's need to procure additional evidence after the mistrial.

Judgment for $1,564 vacated and remanded; judgment for $7,643.25 reduced to $5,285.88; remanded for entry of modified judgment. Otherwise affirmed.

---

[6] Or Laws 1989, ch 417.