NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL A. LUJAN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BILL FORD, Individual Capacity &Official Capacity; et al., <br><br> Defendants-Appellees. | No. 16-35638 <br><br> D.C. No. 2:15-cv-02015-MO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Oregon state prisoner Michael A. Lujan appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging federal and state law claims arising from his arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal on the basis of the statute of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Lujan's action as time-barred because Lujan filed this action after the applicable statute of limitations had run, and he did not establish that equitable tolling or equitable estoppel applied. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for § 1983 actions is the state law statute of limitations for personal injury actions, and that the applicable Oregon statute of limitations is two years); *see also* Or. Rev. Stat. § 30.275(9) (two-year statute of limitations for actions under Oregon law arising from "any act or omission of a public body or an officer, employee or agent of a public body"); *Luchini Vy & Through Luchini v. Harsany*, 779 P.2d 1053, 1055-56 (Or. Ct. App. 1998) (voluntary dismissal of prior action does not toll statute of limitations); *Gehrke v. CraftCo, Inc.*, 923 P.2d 1333, 1338 (Or. Ct. App. 1996) (elements of equitable estoppel).

The district court did not abuse its discretion by denying Lujan's motions for reconsideration because Lujan failed to demonstrate any basis for relief. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P.

2                                                                                    16-35638

59(e) and Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lujan's pending motion (Docket Entry No. 38) is denied.

**AFFIRMED.**