AMLIN, *Claimant,*
*v.*
EDWARD HINES LUMBER CO., *Appellant.*
(No. 7237, CA 10397)
582 P2d 54

Marshall C. Cheney, Portland, argued the cause and filed the brief for appellant.

Thomas A. Caruso, Portland argued the cause for respondent. With him on the brief was Bailey, Welch, Bruun & Green, Portland.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

The sole question in this Workers' Compensation case is whether a claim for medical services performed with respect to a previously determined compensable permanent disability is barred by the five-year statute of limitations applicable to claims for aggravation. The referee, the Workers' Compensation Board (Board) and the circuit court held that such a claim was not so barred. We affirm.

The relevant facts are taken from the Board's statement:

"Claimant, an extra sawyer, sustained a compensable injury to his low back on February 22, 1968. The claim was originally accepted as a disabling compensable injury and appropriate benefits paid. On April 15, 1969 the claim was closed by a Determination Order which awarded 32° for 10% unscheduled disability.

"In 1974 claimant's back condition worsened and on October 13, 1974 his condition was diagnosed as degenerative lumbar disc disease with herniated disc at the L4-5 level. Medically, claimant's condition was attributed to the industrial injury. From October 13, 1974 to August 25, 1976 claimant received medical treatment for his back condition consisting of conservative treatment, myelographic studies and a surgery for lumbar laminectomy. The employer denied claimant's claim [June 16, 1976] for medical benefits under ORS 656.245 on the ground that such claim was barred by lapse of time; that the five year limitation applies not only to claims for aggravation under ORS 656.273 but also to claims for medical care and treatment under ORS 656.245."

There is no contention that this claim is for an aggravation, or for medical services arising from an aggravation; rather, it is agreed that the medical services were incurred as a result of an "exacerbation" to the original injury. ORS 656.245 provides:

"(1) For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of

the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services.

"(2) The worker may choose his own attending doctor or physician within the State of Oregon."

There is nothing in that statute which purports to restrict the claimant's right to medical services "as may be required after a determination of permanent disability."

Appellant, however, contends that we should construe the five-year statute of limitations applicable to the filing of claims for aggravation as being applicable to medical services. ORS 656.245 was enacted in 1965 as section 23 of chapter 285 (Oregon Laws 1965, ch 285), which revised the entire Workers' Compensation law, and has not been amended since its enactment. Section 32 of chapter 285 (codified as ORS 656.271), relating to claims for increased compensation for aggravation of disability, so far as relevant here, provided:

"(1) If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable gounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the department or the direct responsibility employer.

"(2) A request for a hearing on increased compensation for aggravation must be filed with the board within five years after the first determination made under subsection (3) of section 31 of this 1965 Act.

"* * * * *." (Oregon Laws 1965, ch 285, § 32.)

It is clear that the five-year limitation period related solely to claims for "increased compensation for aggravation." The section was amended in 1969 (Oregon Laws 1969, ch 171) in a minor respect not relevant here, and was repealed in 1973 (Oregon Laws 1973, ch 620), at which time ORS 656.273[1] was enacted in its place, containing substantially different wording.

Neither of the parties addresses the question of which version of ORS 656.271 (or its successor) is applicable to this claim, or whether it makes any difference, although it seems to be assumed that ORS 656.273 (as enacted in 1973) is applicable. We have held, however, that rights under ORS 656.245 for medical services are independent of a claim for aggravation under ORS 656.271. *Wait v. Montgomery Ward, Inc.,* 10 Or App 333, 499 P2d 1340, *rev den* (1972).

---

[1]ORS 656.273, as enacted in 1973, provided:

"(1) After the last award or arrangement of compensation, an injured workman is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury.

"(2) To obtain additional medical services or disability compensation, the injured workman must file a claim for aggravation with the State Accident Insurance Fund or the direct responsibility employer. In the event the direct responsibility employer cannot be located, is unknown, or has ceased to exist, the claim shall be filed with the board.

"(3) (a) Except as provided in paragraphs (b) and (c) of this subsection, the claim for aggravation must be filed within five years after the first determination made under subsection (3) of ORS 656.268.

"(b) If no determination was made, the claim for aggravation must be filed within five years after the date of injury.

"(c) If a nondisabling injury did not become disabling within at least one year from the termination of medical services, the claim for aggravation must be filed within five years from the date of injury rather than the date of any determination issued in the claim.

"(4) The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. The board may, in its discretion, order the claimant, the State Accident Insurance Fund or the direct responsibility employer to pay for such medical opinion.

"(5) A request for hearing on any issue involving a claim for aggravation must be made to the board in accordance with ORS 656.283."

■■ As we view the case, at the time the original determination order was entered (1969), claimant had a right to medical services resulting from that permanent disability, without limitiation as to time. If ORS 656.273, or any of the amendments thereto,[2] made the five-year statute of limitation applicable to claims for medical services apart from an aggravation claim, which we need not decide, such period of limitation will not be applied retroactively to bar this claim. Statutes which are not purely procedural or remedial are construed as acting prospectively only unless the statute expresses a clear intention to the contrary. *Reynolds Metals v. Tax Com.,* 245 Or 156, 421 P2d 379 (1966). There is no such intention expressed in ORS 656.273. While much of the statute is procedural in nature, if it were construed to apply the five-year period of limitation to this prior claim, it would take away a preexisting claim from this claimant.

■ Accordingly, we hold only that under the law as it existed in 1969, when claimant's rights accrued, there was no limitation period applicable to his right to medical services under ORS 656.245, and that the legislature has not expressly imposed a time limit on this claimant's right thereto.

Affirmed.

---

[2] ORS 656.273 was amended in 1975 (Oregon Laws 1975, ch 497, § 1) and in 1977 (Oregon Laws 1977, ch 804, § 7).