Argued and submitted November 15, 1982, reversed and remanded March 9, 1983

In the Matter of the Compensation of
Willard Evans, Claimant,

EVANS,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(80-11378; CA A24723)

660 P2d 185

David C. Force, Eugene, argued the cause for petitioner. On the brief were Peter W. McSwain and Malagon & Velure, Eugene.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

In this workers' compensation case, claimant sought additional medical services pursuant to ORS 656.245. Claimant appeals the Workers' Compensation Board's reversal of the referee's opinion that disapproved SAIF's *de facto* denial of the requested medical services and awarded claimant penalties and attorney fees. We reverse.

Claimant was a 28-year old furniture salesperson when he sustained a compensable injury to his legs on May 1, 1975. Surgeries were performed in 1976 and 1977. The case was closed September 5, 1978, and claimant was awarded compensation for permanent disability for 20 percent loss of each leg.

Claimant received further treatment by orthopedic surgeons for recurring pain in his knees in May and October, 1979.[1] On December 19, 1980, claimant, through counsel, requested a hearing, alleging that his condition had become aggravated, and indicated that a medical report would follow. On January 20, 1981, SAIF received a report from Dr. J. H. Friesen, a California physician, stating:

> "Mr. Evans was in our office December 29, 1980 complaining of problems with his knee. He states the knee 'pops, crackles, and goes out.' Apparently patient had surgery on his knee in Oregon three years ago as the results of an industrial injury.
>
> "We would like for Mr. Evans to be checked by an Orthopedist in Fresno, California and are requesting authorization from you for same."

SAIF did not respond to Dr. Friesen until a letter dated February 21, which stated in pertinent part:

> "I want to advise you that Mr. Evans' claim has been closed since June of 1978, and his attorney has recently requested a hearing on an aggravation. Under these circumstances, it is Mr. Evans and his attorney's responsibility to furnish me with a medical report showing current problems are related to the industrial injury of May 2, 1975.
>
> "Therefore, at this time I cannot authorize any treatment or consultations for Mr. Evans."

---

[1] The record does not disclose whether claimant made a claim for these medical services.

Claimant filed a supplemental request for a hearing on May 5, 1981, raising the issues of unreasonable failure either to authorize or provide medical treatment and of penalties and attorney fees. SAIF responded by letter dated June 10, 1981:

"Pursuant to your Supplemental Request for Hearing, I cannot and will not authorize treatment on the basis of a letter such as Dr. Friesen submitted. However, Mr. Evans does have the right to seek treatment and have the reports and bills submitted to us for consideration of relationship.

"Furthermore, I interpret ORS 656.273 as reading that a medical report showing the need for further treatment and/or increased compensation is necessary before we actually have a claim for aggravation. Your request for Hearing dated December 18, 1980 indicates you will supply the necessary medical documentation and I am waiting for you to do so."

The referee found that Dr. Friesen's letter constituted a valid claim for medical services. He further found SAIF's *de facto* denial to be unreasonable and ordered that claimant be paid compensation

"equal to 25 percent of the cost of medical services and of any temporary disability compensation which may ultimately be held to have been due and payable when the aggravation claim has been either accepted or litigated on its merits."

The Board reversed, finding that claimant had not made a valid claim for medical services. Claimant concedes that the only issue on appeal is entitlement to medical services under ORS 656.245.

It is apparent that some confusion resulted from the fact that claimant requested a hearing on aggravation and subsequently requested additional medical services. The confusion may have resulted from an apparent ambiguity in the statutory scheme. ORS 656.245 provides that injured workers shall receive "medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires." The aggravation statute, ORS 656.273, also refers to medical care: "An injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

■ ■ Although some doubt exists as to the interrelationship of these provisions, it is clear that the right to additional medical services is independent of the right to compensation for medical services for an aggravation. *Amlin v. Edward Hines Lumber Co.,* 35 Or App 691, 582 P2d 54 (1978); *Wait v. Montgomery Ward, Inc.,* 10 Or App 333, 499 P2d 1340 (1972). Consequently, the fact that a claimant has not suffered an aggravation of his previous injury does not affect his entitlement to further medical services as provided in ORS 656.245. *Browser v. Evans Products Company,* 270 Or 841, 530 P2d 44 (1974); *Wetzel v. Goodwin Brothers,* 50 Or App 101, 622 P2d 750 (1981). Claimant's concession on appeal that he did not present a valid aggravation claim does not prejudice his asserted claim for additional medical treatment.

■ The question remains whether a valid claim was made under ORS 656.245. We find that Dr. Friesen's report constituted such a claim. The request was addressed to the Oregon Workers' Compensation Department and was received less than 15 months after the last report on claimant's condition; it enumerated claimant's present problems regarding the previously injured area, referred to the industrial injury and explicitly requested authorization for further medical services. *See Wetzel v. Goodwin Brothers, supra.*

■ SAIF admits that diagnostic medical services are compensable under ORS 656.245 but maintains that claimant has to prove that the procedure is reasonably necessary and causally related to his industrial injury. *Brooks v. D. & R. Timber,* 55 Or App 688, 639 P2d 700 (1982). He has met that burden. We agree with the referee that "Dr. Friesen's report constituted a *prima facie* valid claim for medical services." That *prima facie* showing was not rebutted by SAIF.

In finding that Dr. Friesen's report was a *prima facie* valid claim for medical services, we do not mean that SAIF had no option but to authorize treatment. If SAIF had reasonable cause to doubt the report, it could have designated a doctor of its choice to evaluate the need of further treatment and the causal relationship to the industrial injury, or it could have issued a denial of the claim and

informed claimant of his right to a hearing. Such an interpretation of the duty imposed by ORS 656.245 promotes the policy underlying the Workers' Compensation law "to provide * * * prompt and complete medical treatment for injured workers." ORS 656.012(2)(a).

■    The remaining issue is the reasonableness of SAIF's *de facto* denial. We agree with the referee that SAIF's conduct was unreasonable. By advising claimant that he should go to an orthopedist and take his chances on payment of the expense, SAIF effectively denied claimant medical services. It viewed the claim only as one for aggravation; it should have recognized that Dr. Friesen's letter was sufficient as a request for further medical treatment. Payment of medical expenses under ORS 656.245 does not amount to acceptance of a previously filed aggravation claim, nor does it estop the insurer to contest the causal connection between the previously determined compensable injury and the claimant's present symptoms. *Jacobson v. SAIF,* 36 Or App 789, 585 P2d 1146 (1978). SAIF's failure either to authorize the evaluation or to select another doctor was unreasonable. Claimant is entitled to a penalty based on the cost of the medical services provided. ORS 656.262(9). Claimant shall also be awarded a reasonable attorney fee for prevailing on the issue of medical services, but the award shall not include attorney fees on the claim for aggravation, because he did not prevail on that claim, ORS 656.386(1).

Reversed and remanded for an order requiring SAIF to provide medical services and to pay claimant a penalty based on the cost of medical services to date, together with reasonable attorney fees for prevailing on the medical service issue.