In the Matter of the Compensation of
Doris Staack, Claimant.

STAACK,
*Petitioner,*

*v.*

SANTIAM MEMORIAL HOSPITAL et al,
*Respondents.*

(WCB 75-01511; 85-03614; 85-01512; CA A41145)

739 P2d 59

Bruce D. Smith, Salem, argued the cause for petitioner. On the brief was Stanley Fields, Salem.

Jas. Jeffrey Adams, Portland, argued the cause for

respondent Santiam Memorial Hospital. With him on the brief was Acker, Underwood & Smith, Portland.

J. Richard Scruggs, Portland, argued the cause for respondents Salem Memorial Hospital and Liberty Northwest Insurance Corporation. With him on the brief was Williams & Zografos, Portland.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent State Accident Insurance Fund. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Claimant seeks review of a Workers' Compensation Board order which she contends erroneously denied her benefits for medical services from her previous employer, erroneously applied the major causation test to deny her occupational disease claim against her later employer and erred by not "shifting" liability from the first employer to the second. We reverse on the medical services issue.

Claimant is a surgical nurse. In 1976, while employed by Santiam Memorial Hospital (Santiam), she filed an occupational disease claim for degenerative osteoarthritis in her right ankle and both knees. After initially denying the claim, Liberty Northwest Insurance Corporation (Liberty), Santiam's insurer, was ordered by the referee to accept it. Claimant underwent multiple surgeries on her left knee and had partial knee replacement surgery on her right knee. In 1979, her claim was closed with an award of permanent partial disability of 25 percent loss of her right leg and 35 percent loss of her left. The award was later increased to 55 percent of the right leg and 60 percent of the left.

Claimant returned to work in 1980 for a new employer, Salem Memorial Hospital (Salem). In 1983, she began to experience pain and discomfort in her right ankle. By the fall of 1984, her pain was so severe that Dr. Paluska performed an arthrotomy of the ankle. She sought to reopen her original claim against Santiam with Liberty and filed a new claim against Salem with SAIF for an occupational disease. Liberty denied the claim, because it concluded that the ankle condition was not related to the accepted knee conditions. SAIF also denied the occupational disease claim, as did Liberty Northwest Insurance Company, which had assumed coverage for Salem in October, 1984, only four days before claimant's surgery. Claimant requested a hearing on all of the denials.

■    The referee viewed the issue as one of responsibility and ordered SAIF to accept the claim for payment of compensation. On review, the Board reinstated SAIF's denial and otherwise affirmed, denying claimant any benefits for the ankle condition.

Claimant's first assignment of error is that the Board

erred by not reaching the merits of her claim for medical services against Santiam after it had determined that it lacked jurisdiction to consider her request to reopen her 1976 claim. The Board considered the request as a claim for aggravation and concluded that it lacked jurisdiction, because more than five years had elapsed since the first determination order had issued; it did not consider the claim as one for medical services. We agree with claimant. A claim for medical services is not subject to the five-year limitation on aggravation claims. ORS 656.245(1); *Amlin v. Edward Hines Lumber Co.,* 35 Or App 691, 582 P2d 54 (1978). The Board may have failed to consider the claim as one for medical services because claimant had not given the parties notice of a claim for medical services separate from her request to reopen. At the hearing before the referee, however, the parties stipulated that the only claim that claimant might have against Santiam was for medical services. We therefore decide the merits of that claim.

■       Santiam argues that, although the 1976 claim was for both knees and the right ankle, it accepted only claimant's knee conditions. We need not decide that issue. There is sufficient evidence in the record to support a relationship between the need for ankle surgery and the compensable condition of the knees. Claimant testified that when she walked she felt a "twisting" in her right knee, which caused her knee to bend in each time she took a step and caused her ankle to bend out to compensate. The record reveals that she repeatedly complained to her doctor about the effect of the knee rotation on her ankle, beginning as early as 1979. In addition, on July 10, 1985, Paluska reported that the degenerative arthritis in the right knee (a part of the occupational disease which had been the basis of her earlier compensable claim) caused "a waddling type of gait" and "placed more stress on her ankle" and agreed with a statement in a letter of July 25, 1985, from SAIF's counsel that

> "[t]he degenerative arthritis in claimant's right knee contributed objectively and materially to the need for her right ankle surgery in October 1984."

We conclude that claimant has established that her need for ankle surgery in 1984 was related to her 1976 compensable knee disease and that the treatment was reasonable and necessary. *Matthews v. Louisiana Pacific,* 47 Or App 1083, 615

P2d 1151 (1980); *McGarry v. SAIF,* 24 Or App 883, 547 P2d 654 (1976).

Claimant's second assignment of error, by which she attempts to establish a new claim that an occupational disease has made her pre-existing ankle osteoarthritis disabling, is without merit. She has failed to persuade us that the work conditions at Salem were the major cause of the worsening of her disease. *Dethlefs v. Hyster Co.,* 295 Or 298, 667 P2d 487 (1983); *SAIF v. Gygi,* 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982).[1]

Reversed as to Santiam Memorial Hospital and remanded with instructions to award benefits for medical services; otherwise affirmed.

---

[1] Claimant's remaining assignment of error requires no discussion.