Argued and submitted September 30, 1992; resubmitted In Banc February 10, reversed and remanded for reconsideration September 15, 1993, respondents' petition for reconsideration and intervenor Dept. of Consumer and Business Services' petition for reconsideration denied February 16, both petitions for review pending 1994

In the Matter of the Compensation of
Stanley Meyers, Claimant.

Stanley MEYERS,
*Petitioner,*

*v.*

DARIGOLD, INC.
and Liberty Northwest Insurance Corp.,
*Respondents.*

(90-09863; CA A72829)

861 P2d 352

Glen H. Downs, Portland, argued the cause for petitioner. With him on the brief were Gerald C. Doblie and Doblie & Associates, Portland.

M. Kathryn Olney, Senior Trial Counsel, Liberty Northwest Insurance Corp., Portland, argued the cause and filed the brief for respondents.

DURHAM, J.

Deits, J., dissenting.

## DURHAM, J.

Claimant seeks review of a Workers' Compensation Board order upholding employer's denial of his aggravation claim and holding that the Board lacked jurisdiction to review employer's partial denial of his claim for medical services. We review for errors of law, ORS 656.298(6); ORS 183.482(7), (8), and reverse.

Claimant, a warehouseman and laborer, suffered a compensable back injury in September, 1986. After the last arrangement of compensation in June, 1987, he continued working at his regular job. In January, 1989, he experienced the same back pains that he had experienced after the original injury. He returned to his treating physician who, on January 13, 1989, reported to employer that claimant's condition had worsened since the last arrangement of compensation. Claimant then consulted a chiropractor, who began to treat him once or twice a week. On April 24, 1990, employer denied payment of any chiropractic treatments in excess of the administrative guideline for such treatments. OAR 436-10-040(2).[1] On June 1, 1990, employer denied claimant's claim for an aggravation of the 1986 injury.

Claimant requested a hearing on both denials. The referee set aside employer's denial of the aggravation claim. She also set aside employer's partial denial of the medical services claim on the basis that employer had failed to submit the matter to the director for review under ORS 656.327. The Board reinstated the aggravation denial and vacated the order setting aside the denial of chiropractic treatment on the ground that it lacked jurisdiction to review the denial of medical services.

Claimant first assigns error to the Board's conclusion that it lacks jurisdiction to review employer's denial of the claim for medical treatment. ORS 656.327(1) provides:

---

[1] OAR 436-10-040(2) provides, in part:

"Frequency and extent of treatment shall not be more than the nature of the injury or process of a recovery requires * * *. The usual range of the utilization of medical services does not exceed 15 office visits by any and all attending physicians in the first 60 days from first date of treatment, and two visits a month thereafter."

"(a)   If an injured worker, an insurer or self-insured employer or the director [of the Department of Insurance and Finance] believes that an injured worker is receiving medical treatment that is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services *and wishes review of the treatment by the director*, the injured worker, insurer or self-insured employer shall so notify the parties and the director.

"(b)   Unless the director issues an order finding that no bona fide medical services dispute exists, the director shall review the matter as provided in this section. Appeal of an order finding that no bona fide medical services dispute exists shall be made directly to the board within 30 days after issuance of the order. The board shall set aside or remand the order only if the board finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding in the order when the record, reviewed as a whole, would permit a reasonable person to make that finding. The decision of the board is not subject to review by any other court or administrative agency.

"(c)   The insurer or self-insured employer shall not deny the claim for medical services nor shall the worker request a hearing on any issue that is subject to the jurisdiction of the director under this section until the director issues an order under subsection (2) of this section." (Emphasis supplied.)

The Board reasoned that a 1990 amendment to ORS 656.704(3) made review of treatment disputes by the director a mandatory rather than discretionary procedure.[2] ORS 656.704(3), with the 1990 amendment in italics, provides:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under ORS 656.001 to 656.794, and for determining the procedure for the conduct and

---

[2] In *Lillie M. Willis*, 42 Van Natta 1923 (1990), the Board held that the Director review procedure in ORS 656.327(1) is discretionary with the parties and originates only if a party wants the Director to act:

"The language of this former statute is *discretionary* upon the parties. *It contains two requirements*: first there has to be one or more of the types of problems listed in the statute; *and second, the parties have to want the Director to act*. Once the matter has been submitted by one of the parties to the Director, then the provisions of ORS 656.327(2) take effect. At that point, the Director has sole jurisdiction over the matter and the insurer cannot deny the claim and the claimant cannot request a hearing. It is only at that point that the Hearings Division loses jurisdiction over the matter under ORS 656.283." (Emphasis supplied.)

review thereof, matters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, such matters do not include any proceeding *for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter.*" Or Laws 1990 (Spec Sess), ch 2, § 37.

The Board adopted that construction even though no party requested director review or gave a notice initiating the director's procedure under ORS 656.327(1)(a).

■    In construing the statute, we look primarily to the text and context of the statute to discover the legislature's intention. *Boone v. Wright*, 314 Or 135, 138, 836 P2d 727 (1992). We must adopt a construction that gives effect to every word of a statute, if possible. ORS 174.010.

ORS 656.327 does not require the parties or the director to invoke the director review process. ORS 656.327(1)(a) provides that a party who believes that a claimant is receiving inappropriate treatment *"and wishes review* of the treatment by the director" (emphasis supplied) shall notify the parties and the director. In the 1990 amendments, the legislature left untouched the parties' discretion to not request director review and to argue the claimant's entitlement to compensation for medical services before the Board.[3]

The legislature's purpose in defining "matters concerning a claim" in ORS 656.704(3) is to determine "the *respective* authority of the director and the board to conduct hearings, investigations and other proceedings under [this chapter] * * *." (Emphasis supplied.) Under ORS 656.327 (1)(a), if no party or the director requests a medical treatment review by the director, no question of *respective* authority between the director and the Board arises. If a party or the director "wishes" for director review and gives the notice,

---

[3] The dissent contends that the parties' discretion under ORS 656.327 to seek director review was impliedly repealed by the 1990 amendment to ORS 656.704(3). The dissent focuses on the amendment but does not address the language in ORS 656.327 that the legislature left untouched. The dissent's interpretation fails to give effect to the unamended language, as required by ORS 174.010, and contradicts that language by, in effect, compelling the parties to seek review, whether or not they wish to do so. We find no persuasive indication that the legislature meant the amendment to ORS 656.704(3) to prevail over the language in ORS 656.327. *See Harris v. Craig*, 299 Or 12, 16 n 1, 697 P2d 189 (1985).

ORS 656.327(1) provides the procedure for a proceeding, within the meaning of ORS 656.704(3), for resolving the medical treatment dispute. If the parties or the director commence the director review proceeding, they must exhaust it and are barred from denying the claim or requesting a hearing before the Board until the director issues an order. ORS 656.327(1)(c), (2). Without a "wish" for the review and a notice filed with the director, there is no proceeding before the director. The director acquires exclusive jurisdiction over a medical treatment dispute only if the conditions necessary to create that jurisdiction occur. Those conditions did not occur here. The medical treatment dispute remained within the Board's jurisdiction.

■ The Board rewrote ORS 656.327 under the guise of interpretation in an attempt to harmonize its construction of the director's authority with the terms of the statute. The Board said:

> "[The insurer's] failure to initiate review procedures or pay the bills within 90 days of receipt will, by that fact alone, ordinarily constitute the unreasonable resistance to the payment of compensation, for which penalties or attorney fees will be assessed.[3]

---

> "[3]. Furthermore, by failing to timely request Director review, the insurer may waive its right to seek director review, and be held bound to pay the bills. *See proposed* OAR 436-10-046(4)."

The Board held that employer was required either to "pay claimant's medical bills or initiate Director review of the dispute." That ignores employer's right under ORS 656.327 (1)(a) to invoke director review only if it *wishes* to do so. The Board's effort to compel employers and insurers to invoke director review contradicts the statute. The Board's interpretation of its jurisdiction over the medical treatment dispute is erroneous as a matter of law.

■ Claimant assigns error to the Board's holding that he must prove a diminished capacity to work in order to recover on his aggravation claim. The Board found that claimant suffered a symptomatic worsening, but rejected his aggravation claim, because

"claimant's earning capacity was [not] diminished below what it was at the time his claim was last closed."

Claimant admits that he has continued to work full time. He argues that his ability to work is irrelevant, because he seeks compensation only for medical services, not disability compensation.

ORS 656.273 does not require claimant to prove a diminished capacity to work in this context. That statute provides, in part:

"(1) After the last award or arrangement of compensation, an injured worker is entitled to *additional compensation, including medical services,* for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings.

"* * * * *

"(2) To obtain additional medical services *or* disability compensation, the injured worker must file a claim for aggravation with the insurer or self-insured employer." (Emphasis supplied.)

The Board cited *Smith v. SAIF*, 302 Or 396, 730 P2d 30 (1986), for its proposition that lost earning capacity must be proven in all aggravation claims, including those limited to medical services. *Smith* does not support the Board. That case involved an aggravation claim for increased disability compensation. The Supreme Court held:

"*[I]n a claim for increased compensation for unscheduled disability* under ORS 656.273, the worker * * * must prove that his symptoms have increased or otherwise demonstrate that his underlying condition has worsened so that he is less able to work in the broad field of general occupations resulting in a loss of earning capacity." 302 Or at 401. (Emphasis supplied.)

*Smith* states:

"Of course, a worker is entitled to medical expenses under ORS 656.245[4] without a showing of worsening of his

---

4 ORS 656.245 provides, in part:

"(1)(a) For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires * * *."

underlying condition. The entitlement to services under ORS 656.245 is not tied to a worsening but requires only that the need for medical services be a result of the injury." 302 Or at 402.

Because the Board disposed of the aggravation claim by holding that claimant was not more disabled from working, it did not determine whether the need for medical services was the result of the injury.[5] *Smith v. SAIF, supra,* 302 Or at 402. On remand, the Board should address that question.

Claimant also assigns error to the order setting aside the referee's award of penalties and attorney fees on the denials. In light of our disposition of the issues discussed above, we do not address this assignment.

Reversed and remanded for reconsideration.

**DEITS, J.,** dissenting.

The majority begins its analysis with the proposition that, in construing a statute, we should give effect to every word of a statute. It then proceeds to ignore the words of the pertinent statutes, as well as the legislative intent in the adoption of the statutes and a well reasoned opinion of the Board interpreting the statutes.

As the majority correctly points out, the critical question is whether the process set out in ORS 656.327 for review by the Director of disputes concerning whether medical treatment is "excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services" is exclusive or whether the Board also has jurisdiction of such disputes.[1] The majority concludes that the parties to such a dispute have the discretion to decide whether to seek

---

[5] The dissent contends that the aggravation claim was properly denied because it did not include a claim under ORS 656.245 for additional medical services resulting from the original injury. We reject that argument. Because the claim was based on ORS 656.273, a citation to ORS 656.245 was unnecessary. We also note that the dissent's view was not a basis for the Board's order and was not argued to this court by employer.

[1] As the Board noted in its opinion, this case concerns jurisdiction to review the *appropriateness* of medical treatment. It does not concern jurisdiction involving cases where the dispute relates to the extent of the causal relationship in fact and law between the claimant's medical condition and the claimant's compensable injury or occupational disease.

review by the Director or to seek a hearing before a referee and the Board.

Before the amendment to the Workers' Compensation Act in 1990, the majority's conclusion was correct and the Board had so interpreted the statutes. However, in 1990, the legislature amended ORS 656.704(3), which governs the respective jurisdiction of the Director and the Board. That subsection was amended to provide that "matters concerning a claim" over which the Board has review authority do not include "any proceeding for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter." That subsection now reads:

> "For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. *However, such matters do not include any proceeding for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter.*" (Emphasis supplied.)

As the Board correctly explains in its order in this case, the language added to ORS 656.704(3) in 1990 changed the authority of the Board regarding review of disputes concerning medical treatment or fees:

> "Under *amended* ORS 656.704(3), 'matters concerning a claim' over which the Board, and thus the Hearings Division, has jurisdiction, do not include any dispute regarding medical treatment or fees for which a resolution procedure is otherwise provided in ORS Chapter 656. ORS 656.327 provides a procedure for the resolution of disputes between the insurer and the injured worker concerning medical treatment that is allegedly 'excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services.' Accordingly, unlike the situation in *Lillie M. Willis, supra*, [42 Van Natta 1923 (1990)] original jurisdiction over a dispute concerning the frequency of medical treatment is no longer shared by the Director and the Hearings Division. Rather, because such disputes are no longer matters concerning a claim, original jurisdiction lies exclusively with the Director." (Footnote omitted.)

The Board noted that its reading of the statutes is consistent with the apparent purpose of the amendment to ORS 656.704(3) to remove questions concerning the reasonableness of medical treatment from the litigation process. As the Board explained:

> "This conclusion is supported by the legislative history. The amendments to ORS 656.327 and 656.704 were proposed in Senate Bill 1197. In explaining the bill to the Special Committee of the legislature, a member of the Governor's Workers' Compensation Labor-Management Advisory Committee testified that the purpose of the amendments was to remove questions concerning the reasonableness and necessity of medical treatment from the litigation process and allow such decisions to be made by a physician rather than a referee."

It is often unclear how procedures provided in different statutes are to relate to each other. In such cases, we often have to apply principles of statutory construction to decide how the statutes should be read together. This is a case, however, where the legislature directly states how these statutes are to relate to each other. It adopted specific language defining the respective jurisdiction of the Board and Director concerning disputes regarding medical treatment. ORS 656.704(3) specifically states that "matters concerning a claim" over which the Board has jurisdiction does not include proceedings for resolving disputes concerning medical treatment or fees when there is a procedure otherwise provided in chapter 656. ORS 656.327 sets out specific procedures to handle such disputes.

The majority decides that ORS 656.704(3) does not really mean what it says, that when the statute says that the Board does not have jurisdiction of disputes regarding medical treatment for which a procedure has already been provided in chapter 656, what it really means is that it is up to employers and workers to decide whether they want to have such disputes resolved by the Director or the Board. That simply is not what the statute says. The majority acknowledges that ORS 656.704 does concern the respective jurisdiction of the Board and the Director, but reasons that you do not get into a question of respective jurisdiction unless one of the parties invokes the Director's jurisdiction. That reasoning is quite circular and blatantly ignores the last sentence in

ORS 656.704(3) that says that when a dispute concerning medical treatment or fees is involved for which a procedure has been provided elsewhere in chapter 656, the Board does not have jurisdiction.

Further, the majority's interpretation is completely inconsistent with the purpose of the legislation to remove such disputes from the litigation process. The legislature has adopted a process for dealing with this type of dispute in ORS 656.327. The Workers' Compensation Department has also adopted extensive administrative rules further detailing the process to be followed by the director in resolving disputes concerning medical treatment and fees. These rules include detailed requirements as to the timing of requests for review and the process to be used in reviewing such disputes. Under the majority's reading of these statutes, an employer or a worker has the authority to decide that they simply do not feel like following those well-defined procedures and to ask the Board to undertake the review.

The majority's result is not compelled by the language of the statutes; it is inconsistent with the purpose of the legislation. It allows the parties to avoid a detailed and well-defined process for resolving these disputes before the Director if they wish to do so. I believe that the Board's reasoning was sound and that it was correct in concluding that it lacked authority to review the insurer's partial denial of claimant's chiropractic treatments, because the statutes give jurisdiction of such matters to the Director.

The majority also concludes that the Board erred in upholding the denial of claimant's aggravation claim, because "ORS 656.273 does not require claimant to prove a diminished capacity to work" in order to receive additional medical services for his worsened condition. The majority holds that when the Board rejected the aggravation claim, it was then required to determine "whether the need for medical services was the result of the injury" under ORS 656.245.

The majority is correct that, under ORS 656.245, an employer is responsible for medical services for conditions resulting from the compensable injury, regardless of whether the claimant has suffered an aggravation, and that responsibility continues for the life of the claimant. *See Evans v.*

*SAIF*, 62 Or App 182, 660 P2d 185 (1983). However, the majority overlooks the fact that this aggravation claim is a separate claim from the claim for medical services discussed above. Claimant's request for a hearing on employer's June 1, 1990, denial involved only a claim for aggravation under ORS 656.273 and penalties and attorney fees. His claim for an aggravation did not include a claim under ORS 656.245 for additional medical services resulting from the original compensable injury. Because of that, *Smith v. SAIF*, 302 Or 396, 730 P2d 30 (1986), is not applicable. In my view, the aggravation issue was correctly decided, and the Board should not address it on remand. For all of the above reasons, I respectfully dissent.

Richardson, C. J., and Warren and Edmonds, JJ., join in this dissent.