Argued and submitted November 18, 1992, reversed and remanded for
reconsideration December 8, 1993

In the Matter of the Compensation of
Gladys M. Theodore, Claimant.

Gladys M. THEODORE,
*Petitioner,*

*v.*

SAFEWAY STORES, INC.,
*Respondent.*

(90-20641; CA A74889)

865 P2d 404

Jan H. Faber argued the cause for petitioner. With him on the brief was Patrick Lavis, P.C.

Kenneth L. Kleinsmith argued the cause for respondent. With him on the brief was Meyers & Radler.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

### De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board holding that she failed to establish an aggravation of her compensable knee condition and that the referee and the Board lack jurisdiction to consider the dispute concerning the compensability of medical services that she is receiving, because that dispute is a matter exclusively within the jurisdiction of the Director of the Department of Insurance and Finance, pursuant to ORS 656.327(1).

Claimant compensably injured her knee in 1989. After treatment with Dr. Ayres, including arthroscopic surgery, her claim was closed in September, 1989. By stipulation, claimant received an award for five percent permanent partial disability. She began to experience new symptoms in July, 1990, and sought medical advice from Dr. Baskin. The referee and the Board found that Baskin's notes do not document a worsening of claimant's condition. That finding is supported by substantial evidence. Baskin treated claimant in an effort to alleviate her symptoms and provided physical therapy in an effort to strengthen the knee. He ordered an MRI, which showed that the knee was normal. He suggested the possibility of a second arthroscopic procedure to attempt to alleviate her symptoms.

Employer denied that claimant had experienced an aggravation of her compensable condition and also denied that the condition for which Baskin was treating claimant was related to the compensable injury. At the hearing, employer conceded that the treatment is related to the compensable injury, but contended that it is palliative, and therefore not compensable without the approval of the Director. ORS 656.245(1). Employer has not paid any of Baskin's bills.

■    The first issue is whether the Board erred in concluding that it did not have jurisdiction to consider the dispute concerning the compensability of claimant's medical treatment. The Board held that the question of whether claimant's treatments are palliative, rather than curative, is a question within the exclusive jurisdiction of the Director, pursuant to ORS 656.327, and that the referee and the Board may not consider the issue. ORS 656.327(1) provides, in part:

"If an injured worker, an insurer or self-insured employer or director believes that an injured worker is receiving medical treatment that is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services and wishes review of the treatment by the director, the injured worker, insurer, self-insured employer shall so notify the parties and the director."

The Board reasoned:

"The phrase 'excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services' is not statutorily defined and the scope of its plain meaning is significant. Thus, in construing the provision, we have relied on legislative history, which indicated that the purpose of ORS 656.327 was to remove questions concerning the appropriateness of medical treatment from the litigation process and allow such decisions to be made by a physician rather than a referee. *See* Minutes, Interim Special Committee on Workers' Compensation, May 3, 1990, Tape 3, Side A at 75. Accordingly, we have concluded that ORS 656.327 provides a resolution procedure for those medical treatment disputes that are appropriate for review by a medical panel, such as the reasonableness and necessity of medical treatment for a compensable condition. *See Stanley Meyers*, 43 Van Natta 2643 (1991). For the same reason, we have also concluded that ORS 656.327 does not govern medical treatment disputes that primarily involve legal analysis, such as the causal relationship between the need for the treatment and the compensable injury. *See Michael A. Jaquay*, 44 Van Natta 173 (1992).

"The dispute at issue here involves the question of whether claimant's medical treatments are palliative, rather than curative. If found palliative, such care is generally not compensable without prior approval from the carrier or Director. ORS 656.245(1)(b). We find that such a dispute generally concerns the effectiveness and appropriateness of medical treatment at issue and, therefore, believe that it lies within those matters the legislature intended to be resolved by a physician, rather than a referee. Accordingly, because a proceeding for resolving this medical treatment is otherwise provided in ORS 656.327, we hold that original jurisdiction lies exclusively with the Director."

Under ORS 656.245, palliative treatment is not compensable unless approved by the insurer or the Director. The Director is required to appoint a panel of physicians, pursuant to ORS

656.327(3), to review the insurer's decision not to reimburse for palliative care.

■       The substantive issue that the parties seek to resolve here is not whether palliative treatment is compensable, but whether the disputed treatment is palliative or curative. The question on review is which forum has responsibility for resolving that underlying dispute. In *Jefferson v. Sam's Cafe*, 123 Or App 464, 861 P2d 359 (1993), we said that the Director's authority to review medical treatment disputes under ORS 656.327 is limited to disputes concerning treatment that the claimant "is receiving." Accordingly, disputes concerning proposed medical treatment are reviewed pursuant to ORS 656.283, as is any other matter concerning a claim. Because prior approval is required for palliative care, a dispute concerning whether treatment is palliative or curative would ordinarily involve proposed medical treatment and, thus, would not be subject to the provisions of ORS 656.327. When, however, as here, the question of whether the treatment is palliative or curative arises after the claimant has received it, or while the claimant is receiving it, we agree with the Board that the question is a matter within the Director's authority under ORS 656.327, because it is within the category of disputes that the Director is authorized to consider under that statute.

■ ■       Here, claimant had already received the disputed treatment at the time employer first asserted that the treatment was palliative, and therefore not compensable. Accordingly, we conclude that the dispute could fall within the Director's authority under ORS 656.327. That does not end the inquiry, however. In *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993), we held that the provisions of ORS 656.327 apply only if the insurer or the claimant wishes to have the matter reviewed by the Director and that, if no party seeks review by the Director, the dispute concerning medical treatment is within the jurisdiction of the referee and the Board. Here, no party has sought review by the Director. Accordingly, the Board erred in concluding that it does not have jurisdiction to consider this matter.

The final question on review is whether the Board erred in reversing the referee's assessment of a penalty and

related attorney fees for employer's denial of the compensability of claimant's medical treatment. In the light of our disposition, the penalty issue is subject to the Board's reconsideration on remand.

Reversed and remanded for reconsideration.