Argued and submitted October 18, reversed and remanded for reconsideration December 8, 1993, reconsideration denied January 26, petition for review pending 1994

In the Matter of the Compensation of
Thurman M. Mitchell, Claimant.

Thurman M. MITCHELL,
*Petitioner,*

*v.*

BURNT MOUNTAIN LOGGING
and SAIF Corporation,
*Respondents.*

(91-14771; CA A78818)

865 P2d 440

Edward J. Harri argued the cause for petitioner. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll.

Steven Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of a Workers' Compensation Board order holding that the hearings division lacked jurisdiction to review his claim for reimbursement of travel expenses that he incurred in the course of medical treatment. We review for errors of law, ORS 656.298(6); ORS 183.482(7), (8), and reverse.

Employer argues that ORS 656.704(3),[1] and ORS 656.327(1)(a),[2] grant original jurisdiction of this dispute to the Director of the Department of Insurance and Finance. However, employer did not demonstrate that it desired director review by giving the notice required by ORS 656.327-(1)(a). Without compliance with that statutory procedure, the dispute remains within the Board's jurisdiction. *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993).

We do not address claimant's alternative argument that the denial of reimbursement for travel expenses does not raise a question regarding medical treatment that is subject to director review under ORS 656.327(1).

Reversed and remanded for reconsideration.

---

[1] ORS 656.704(3) provides:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, such matters do not include any proceeding for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter."

[2] ORS 656.327(1)(a) provides:

"If an injured worker, an insurer or self-insured employer or the director believes that an injured worker is receiving medical treatment that is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services and wishes review of the treatment by the director, the injured worker, insurer or self-insured employer shall so notify the parties and the director."