Argued and submitted August 18, 1993, reversed and remanded for reconsideration
March 2, 1994

In the Matter of the Compensation of
James W. Nicholls, Claimant.

ITT HARTFORD INSURANCE GROUP
and Cotter and Company,
*Petitioners,*

*v.*

James W. NICHOLLS,
*Respondent.*

(WCB 91-01349; CA A77429)

871 P2d 125

Stephen R. Frank argued the cause for petitioners. With him on the brief were Alison K. Greene and Tooze Shenker Duden Creamer Frank Hutchison.

Michael Dehner argued the cause for respondent. On the brief were Daniel J. DeNorch and Schneider, DeNorch & Galaviz-Stoller.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

**PER CURIAM**

Employer seeks review of an order of the Workers' Compensation Board holding that the Board did not have jurisdiction to determine whether chiropractic care that claimant had received was approved by claimant's attending physician and whether the treatment was palliative or curative.[1]

We recently held that a dispute over whether medical treatment that has already been received is palliative or curative is a matter covered by ORS 656.327(1), which, under *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993), the Board may resolve as long as no party has sought review by the director of the Department of Insurance and Finance. *Theodore v. Safeway Stores, Inc.*, 125 Or App 172, 865 P2d 404 (1993). We conclude that a dispute over whether the treatment that has already been provided was approved by the claimant's attending physician is similarly within the purview of ORS 656.327(1). Because no party has sought review by the director, the Board has jurisdiction to resolve both disputes. We remand for the Board to exercise its jurisdiction.

Reversed and remanded for reconsideration.

---

[1] Employer's initial denial was based on ORS 656.245(3)(b)(A), which requires that, when certain services are provided by other than an attending physician, there must be written authorization by the claimant's attending physician. Employer asserted that the physician who authorized claimant's treatments was not claimant's attending physician. Employer then supplemented its denial, asserting that the chiropractic care was palliative and therefore not compensable under ORS 656.245(1)(b).