In the Matter of the Compensation of
Donald G. Stacy, Claimant.

Donald G. STACY,
*Petitioner,*

*v.*

CORRECTIONS DIVISION
and SAIF Corporation,
*Respondents.*

(WCB Nos. 91-06613, 91-05641; CA A82556)

886 P2d 1085

Max Rae argued the cause and filed the brief for petitioner.

David L. Runner, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board denying his claim for an occupational disease and dismissing for lack of jurisdiction his aggravation claim. We affirm.

Claimant was a boiler plant operations supervisor at the Oregon State Penitentiary for 13 years. In 1985, he began experiencing stress because of problems on the job. His symptoms included headaches, stomach problems, insomnia, fatigue, depression, memory loss and irritability. He was treated by Dr. Klass, who diagnosed chronic stress disorder with depression. He also was seen by Dr. Colbach, who diagnosed chronic neurotic depression. Colbach concluded that claimant's condition would continue as long as he remained in his current job environment. Claimant was also seen by Dr. Klein, an independent medical examiner, who concluded that he had a "clinically significant depression."

Claimant filed a mental stress claim with employer, which was accepted in October, 1987. Following the acceptance of his claim, claimant's condition improved. However, his symptoms returned in 1988 and gradually worsened. He obtained further treatment from Klass and received counseling from Alderson, a clinical social worker, beginning in July, 1991. Claimant's symptoms improved in the fall of 1991, when he went on an extended vacation. However, when he returned to work, he again experienced significant stress-related problems. Klass authorized time loss in December, 1991, for a "stress-related work disorder." Claimant then filed a new occupational disease claim and an aggravation claim for his current condition. SAIF denied both claims.

Claimant sought review of the denials. The referee upheld the denial of the occupational disease claim, explaining:

> "In reaching this conclusion, I reject claimant's alternative contention that his current condition is compensable as a new occupational disease. To establish compensability under that theory, claimant must prove that his work activity *after* SAIF's 1987 acceptance of claimant's mental stress claim was the major contributing cause of his current condition. ORS 656.802. There is no medical opinion identifying claimant's subsequent work activity as the major contributing

cause of his current condition, as distinct from his prior work stresses and his underlying chronic neurotic depression. Consequently, claimant has not established compensability as a new occupational disease. His current condition should, therefore, be treated as an aggravation of his prior compensable claim." (Emphasis in original.)

The referee initially allowed claimant's aggravation claim. However, on reconsideration, the referee determined that claimant's condition worsened after his aggravation rights had expired and, therefore, there was no jurisdiction to consider the aggravation claim and SAIF's denial of that claim also should be upheld. The Board affirmed the referee's order. Claimant seeks review of the Board's order.

■       Claimant argues that the Board erred, as a matter of law, in upholding the denial of his new occupational disease claim. According to claimant, the Board erred because it assessed whether his work activities after his accepted 1986 disease claim were the major contributing cause of his entire current condition, rather than whether those work activities were the major contributing cause of the incremental worsening, after 1986, of his accepted compensable condition. According to claimant, under the occupational disease statute, ORS 656.802(2), a new and separate disease claim may be established by proving an incremental worsening of an accepted condition. Under claimant's approach, in deciding whether the incremental worsening qualifies as a separate occupational disease, the contribution of the work activities after the accepted claim would be considered in assessing causation, but the preexisting compensable condition would not be considered.

■       ORS 656.802(2) does appear to allow a worsening of a disease or condition to be established, in itself, as a separate disease. It provides:

"The worker must prove that employment conditions were the major contributing cause of the disease *or its worsening*. Existence of the disease or worsening of a preexisting disease must be established by medical evidence supported by objective findings." (Emphasis supplied.)

However, contrary to claimant's position, even assuming that an incremental worsening may be proven to be a separate occupational disease, ORS 656.802(2) still requires that the

employment activities be the major contributing cause of claimant's new condition. Because a determination of major contributing cause requires the assessment of the relative contribution of different causes, *Dietz v. Ramuda*, 130 Or App 397, 882 P2d 618, *rev allowed* 320 Or 492 (1994), it is necessary to consider the effect of all possible causes of a condition. In this case, that includes assessing the contribution to claimant's new condition of his underlying preexisting condition. We conclude that the Board's analysis was proper and that it did not err in concluding that claimant's subsequent work activity was not the major contributing cause of his current condition. We agree with the Board that claimant has not established a separately compensable occupational disease.

Claimant also argues that the Board erred in concluding that his aggravation rights had expired prior to the worsening of his condition. Claimant contends that the Board's finding that his condition worsened in December, 1991, was wrong. He argues that his condition worsened before his aggravation rights expired on July 11, 1991, and that, therefore, his aggravation rights had not expired. Claimant argues, relying on *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352, *rev den* 320 Or 453 (1994), that his receipt of medical treatment before July 11, 1991, for his condition established a worsening as a matter of law. *Meyers v. Darigold, Inc., supra*, does not so hold.

The Board found here that claimant established a worsening as of December 5, 1991. Substantial evidence supports that finding. Accordingly, the Board was correct that claimant's aggravation rights had expired before his condition worsened.

Affirmed.