Argued and submitted January 17, affirmed April 17, 1996

In the Matter of the Compensation of
Arlene J. Koitzsch, Claimant.

LIBERTY NORTHWEST INSURANCE
CORPORATION
and Agripac, Inc.,
*Petitioners,*

*v.*

Arlene J. KOITZSCH,
*Respondent.*

(WCB No. 94-04361; CA A89457)

914 P2d 1102

Barbara Woodford argued the cause and filed the brief for petitioners.

Linda Love argued the cause for respondent. With her on the brief were Annette E. Talbott and Craine & Love.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Employer seeks review of an order of the Workers' Compensation Board establishing the date from which claimant's aggravation rights run as October 29, 1993, the date that claimant's claim was first closed. We affirm.

Claimant worked in employer's cannery for a number of years. On April 17, 1989, she sought medical care for numbness and tingling in her hands and for arm pain principally on her right side. Employer accepted claimant's occupational disease claim for carpal tunnel syndrome (CTS) for her right side in 1989. In March, 1991, she filed a separate claim for left CTS, using the date of injury as March 15, 1991. Employer denied the claim. However, the Board set aside the denial and, on February 12, 1993, in response to the Board's order, employer accepted the left CTS, classifying the claim as disabling. On October 29, 1993, a determination order was issued closing claimant's left CTS claim and awarding claimant temporary total disability. The determination order stated that the date of injury for the left wrist was October 27, 1989, and that claimant had five years from that date within which to file an aggravation claim.

Claimant requested a hearing regarding the aggravation date included in the determination order. The Board concluded that the aggravation date should be modified to October 29, 1993, the date that the claim was first closed. The Board reasoned that because the claim was originally accepted as disabling, ORS 656.273(4)(b) does not apply and, therefore, the date of injury is not the proper date from which claimant's aggravation rights begin to run. Rather, the Board held that under ORS 656.273(4)(a), the appropriate time from which claimant's aggravation rights run is the date of first closure.

Employer assigns error to the Board's conclusion that claimant's aggravation date runs from the date of claim closure. The critical issue here is whether claimant's aggravation rights are governed by subsection (a) or (b) of ORS 656.273(4), which provide:

"(a)  The claim for aggravation must be filed within five years after the first determination or the first notice of closure made under ORS 656.268.

"(b)  If the injury has been in a nondisabling status for one year or more after the date of injury, the claim for aggravation must be filed within five years after the date of injury."

■     The key question in determining which subsection applies here is whether an injury must be *accepted* as nondisabling before it is considered to be "in a nondisabling status" under ORS 656.273(4). The Board held that the claim must be accepted as nondisabling before it is in "nondisabling status" under ORS 656.273(4)(b). We agree. As claimant correctly points out, under ORS 656.262(6), it is at the time of acceptance that an employer is required to designate an injury as disabling or nondisabling. It is this action of the employer that a claimant must challenge if the claimant disagrees with the classification. ORS 656.262(6). Although we have not directly addressed this question, the Board has consistently held that "a claim is not deemed to be in nondisabling status unless and until it is accepted and classified as nondisabling." *Gary G. Koker*, 47 Van Natta 1513, 1514 (1995); *see also Donald R. Dodgin*, 45 Van Natta 1642 (1993). We agree with that conclusion.

Employer argues that the Board's conclusion is contrary to the Board's and our decision in *Stacy v. Corrections Div.*, 131 Or App 610, 886 P2d 1085 (1994), *rev den* 320 Or 567 (1995), and with our decision in *Papen v. Willamina Lumber Co.*, 123 Or App 249, 859 P2d 1166 (1993), *rev den* 319 Or 81 (1994). However, as the Board correctly explains in its order, the decision in *Stacy* does not govern here because, in contrast to this case, the claim involved in *Stacy* had been *accepted* as nondisabling. The same distinction applies to our decision in *Papen*. We conclude that because the claim here was not in nondisabling status at the time of acceptance, ORS 656.273(4)(a) applies. Accordingly, the Board did not err in setting the date from which claimant's aggravation rights run.

Affirmed.