Argued and submitted November 23, 1992, affirmed December 29, 1993, reconsideration denied April 13, petition for review allowed May 10, 1994 (319 Or 80)

In the Matter of the Compensation of
Joan E. Hathaway, Claimant.

Joan E. HATHAWAY,
*Petitioner,*

*v.*

HEALTH FUTURE ENTERPRISES
and SAIF Corporation,
*Respondents.*

(WCB 90-21435; CA A72995)

865 P2d 503

Karen M. Werner argued the cause for petitioner. With her on the brief were J. David Kryger and Emmons, Kropp, Kryger, Alexander, Egan & Allen.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of a Workers' Compensation Board order holding that the Board did not have jurisdiction to determine whether claimant's proposed palliative chiropractic treatment is compensable. We affirm.

After claimant became medically stationary and her claim was closed, her attending physician sought approval from employer's insurer, SAIF, for proposed palliative chiropractic treatment, pursuant to ORS 656.245(1)(b). That paragraph provides, in part:

"[A]fter the worker has become medically stationary, palliative care is not compensable, except when provided to a worker who has been determined to have permanent total disability, when necessary to monitor administration of prescription medication required to maintain the worker in a medically stationary condition or to monitor the status of a prosthetic device. If the worker's attending physician * * * believes that palliative care which would otherwise not be compensable under this paragraph is appropriate to enable the worker to continue current employment, the attending physician must first request approval from the insurer or self-insured employer for such treatment. If approval is not granted, the attending physician may request approval from the director [of the Department of Insurance and Finance] for such treatment. The director shall appoint a panel of physicians pursuant to ORS 656.327(3) to review the treatment."

SAIF denied the request. The physician did not request approval from the director. Claimant sought a hearing on SAIF's denial.

The referee approved the request for palliative care. On appeal, the Board vacated the referee's order, holding that it did not have jurisdiction to consider the compensability of the proposed palliative treatment. It explained that the Board has jurisdiction over matters concerning a claim and that, under ORS 656.704(3), a matter concerning a claim does not include any dispute regarding medical treatment for which a procedure for resolution is otherwise provided in ORS chapter 656. The Board relied on its decision in *Stanley Meyers*, 43 Van Natta 2463 (1991), in which it had concluded that a

medical treatment dispute that may be resolved by the director under the procedures set out in ORS 656.327(1)(a) is not a matter concerning a claim under ORS 656.704(3), and therefore jurisdiction over the compensability of that treatment is within the exclusive jurisdiction of the director.

In this case, the Board applied similar reasoning. It held that the appropriateness of palliative treatment is not a matter concerning a claim over which the Board has jurisdiction, because ORS 656.245(1)(b) provides a procedure for the resolution of that dispute. Therefore, it held that the director has exclusive jurisdiction over the compensability of the palliative care.

Since the Board's order in this case, we reversed the Board's decision in *Stanley Meyers*. *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993). We held that ORS 656.327(1)(a) is not a mandatory review procedure. That paragraph provides:

> "If an injured worker, an insurer or self-insured employer or the director believes that an injured worker is receiving medical treatment that is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services and wishes review of the treatment by the director, the injured worker, insurer or self-insured employer shall so notify the parties and the director."

ORS 656.327(1)(a) was enacted in 1987, and gave the parties a choice whether to seek director review of certain medical treatment disputes or to request a hearing. When ORS 656.704(3) was amended in 1990, the definition of "matters concerning a claim" was changed to exclude any proceedings "for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter." ORS 656.327(1)(a) was not substantively amended. We concluded in *Meyers* that the 1990 amendments to ORS 656.704(3) did not alter the voluntary nature of the procedure provided in ORS 656.327(1)(a) or make it the exclusive means of resolving a dispute concerning medical treatment. Because the purpose of the definition of "matters concerning a claim" in ORS 656.704(3) is to determine the respective authority of the director and the Board, we held that, if no party invokes the director's authority under ORS 656.327

(1)(a), then the conditions necessary to confer exclusive jurisdiction on the director do not exist, there is no question of respective authority, and the Board has jurisdiction to resolve the dispute.

Here, the dispute centers on ORS 656.245(1)(b), which governs compensability of palliative care. That paragraph was a new provision added by the same 1990 legislative act that amended ORS 656.704(3). It differs significantly from ORS 656.327(1)(a). Under ORS 656.245(1)(b), palliative care is not generally compensable. If, however, the claimant's attending physician believes that the palliative care is necessary to allow the claimant to continue current employment, the statute provides a single avenue for obtaining compensation for that care: The physician must request approval from the insurer and, if the insurer does not grant the approval, the physician may request approval from the director. Without approval, the care is not compensable. Approval can be obtained only by invoking the procedure provided by ORS 656.245(1)(b). Unlike medical treatment disputes covered by ORS 656.327(1)(a), there is no alternative method for review of an insurer's decision not to approve compensation for palliative care. We conclude that the procedure provided in ORS 656.245(1)(b) is the exclusive procedure available for contesting the insurer's decision not to approve palliative care, and that it is a matter within the exclusive jurisdiction of the director. The Board was correct in holding that it did not have jurisdiction to resolve the dispute.

Affirmed.