Argued and submitted September 9, decision of the Court of Appeals and order of the Workers' Compensation Board affirmed December 2, 1994

In the Matter of the Compensation of
Joan E. Hathaway, Claimant.

Joan E. HATHAWAY,
*Petitioner on Review,*

*v.*

HEALTH FUTURE ENTERPRISES
and SAIF Corporation,
*Respondents on Review.*

(WCB 90-21435; CA A72995; SC S41202)

884 P2d 549

Robert Wollheim, of Welch, Bruun, Green & Wollheim, Portland, argued the cause for petitioner on review. With him on the petition was J. David Kryger, of Emmons, Kropp, Kryger, Alexander, Egan & Allen, P.C., Albany.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Donald M. Hooton, Portland, filed a brief on behalf of *amicus curiae* Oregon Workers' Compensation Attorneys.

DURHAM, J.

**DURHAM, J.**

The issue in this case is whether the Workers' Compensation Board (Board) erred in dismissing claimant's request for a hearing regarding insurer's refusal to pay for palliative medical care. The Court of Appeals held that the Board did not err, because ORS 656.245(1)(b) and ORS 656.704(3) grant to the director of the Department of Insurance and Finance[1] exclusive authority to resolve a dispute over an insurer's refusal to pay for palliative care. Therefore, according to the court, the Board had no authority to resolve the dispute. *Hathaway v. Health Future Enterprises*, 125 Or App 549, 553, 865 P2d 503 (1993). We allowed review to address the jurisdictional issue. We affirm the decision of the Court of Appeals, but for a different reason.

In October 1988, claimant suffered a compensable injury. In February 1989, the claim was closed. In September 1990, claimant's attending physician, Dr. Ouellette, recommended palliative chiropractic treatment.[2] Insurer disapproved the treatment. Ouellette did not request approval of the treatment from the director. Claimant requested a hearing before the Board's Hearings Division. A referee set aside insurer's refusal. The Board overruled the referee and concluded that, because the director's jurisdiction is exclusive, it had no jurisdiction over the dispute. The Court of Appeals affirmed.

On review, the parties dispute the meaning of three statutes.[3] ORS 656.283(1) provides:

"Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a

---

[1] The Department of Insurance and Finance is now known as the Department of Consumer and Business Services. Or Laws 1993, ch 744, § 10.

[2] ORS chapter 656 does not define "palliative care." The parties raise no question about whether the treatment recommended by Ouellette was palliative care. Given the nature of the treatment, as described in the record, the parties' characterization of the treatment as palliative care is reasonable. For that reason, we have no occasion to decide the meaning or scope of the phrase "palliative care" in ORS 656.245(1)(b).

[3] Claimant also asserts that the Board's order violates Article I, sections 10 and 20, of the Oregon Constitution and the Fourteenth Amendment to the Constitution of the United States. She acknowledges that she did not preserve those arguments before the Board or the Court of Appeals, but contends that they concern errors of law that are apparent on the face of the record. We do not agree that claimant's constitutional arguments concern alleged errors that, if they are errors at all, would be ones that are apparent on the face of the record. We, therefore, decline to address them. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991) (in

hearing on *any question concerning a claim*." (Emphasis added.)

ORS 656.704(3) provides:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, *matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue*. However, such matters do not include any proceeding for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter." (Emphasis added.)

ORS 656.245(1) provides:

"(1)(a)    For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability.

"(b)    Notwithstanding paragraph (a) of this subsection, after the worker has become medically stationary, palliative care is not compensable, except when provided to a worker who has been determined to have permanent total disability, when necessary to monitor administration of prescription medication required to maintain the worker in a medically stationary condition or to monitor the status of a prosthetic device. If the worker's attending physician referred to in ORS 656.005(12)(b)(A) believes that palliative care which would otherwise not be compensable under this paragraph is appropriate to enable the worker to continue current employment, the attending physician must first request approval from the insurer or self-insured employer for such treatment. If approval is not granted, the attending physician may request approval from the director for such treatment. The director shall appoint a panel of physicians pursuant to ORS 656.327(3) to review the treatment.

"(c)    Compensable medical services shall include medical, surgical, hospital, nursing, ambulances and other related

---

order to be "apparent," the asserted error must be "obvious, not reasonably in dispute").

services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. A pharmacist or dispensing physician shall dispense generic drugs to the worker in accordance with ORS 689.515. The duty to provide such medical services continues for the life of the worker.''

Claimant admits that the palliative care recommended by her doctor is not covered by any of the exceptions to noncompensability described in the first sentence of ORS 656.245(1)(b). She argues that the second sentence of that statute *requires* her doctor to request approval of palliative care from the insurer but that, in contrast, the third sentence merely *permits* her doctor to request approval from the director after the insurer declines to approve the care. From the permissive wording of the third sentence, she infers that a claimant may seek approval of palliative care either through a doctor's request for approval to the insurer and the director or through a request for a hearing under ORS 656.283(1).

We first address whether claimant's request for a hearing on insurer's disapproval of palliative care is a ''question concerning a claim'' under ORS 656.283(1), that is, whether it is a ''matter[] in which a worker's right to receive compensation, or the amount thereof, [is] directly in issue'' within the meaning of the first sentence of ORS 656.704(3).[4] If not, then we need not address insurer's alternative argument, *viz.*, that the last sentence of ORS 656.704(3) excludes a dispute over a disapproval of noncompensable palliative care from the Board's authority.

We turn to the text and context of the statutes in question. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (stating method for statutory interpretation). ORS 656.283(1) entitles a claimant to request a hearing before a referee on ''any question concerning a claim.'' ORS 656.005(6) provides:

" 'Claim' means a written request for *compensation* from a subject worker or someone on the worker's behalf, or any compensable injury of which a subject employer has notice or knowledge.'' (Emphasis added.)

---

[4] We assume, as do the parties, that the phrases "question concerning a claim" in ORS 656.283(1), and "matters concerning a claim" in ORS 656.704(3) are synonymous.

ORS 656.005(8) provides:

> " 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter."

We look to ORS 656.245(1) to determine whether a request for palliative care seeks "compensation," that is, a "medical service[], provided * * * pursuant to this chapter," within the meaning of ORS 656.005(8). ORS 656.245(1)(a) obligates an insurer, under the conditions specified in that statute, to provide medical services, including all "compensable medical services" listed in ORS 656.245(1)(c), for every compensable injury. However, that obligation is subject to the exception stated in the first sentence of ORS 656.245(1)(b), *viz.*, that "palliative care is not compensable." That exception is itself subject to three exceptions for palliative care that is provided to a worker with permanent total disability or that is necessary to monitor prescription medication or a prosthetic device. None of those three exceptions is relevant here. Under our reading of the first sentence of subsection (1)(b), the palliative care requested by claimant is not a compensable medical service under ORS 656.245(1)(a) and, thus, is not "compensation" under ORS 656.005(8).

The second sentence of ORS 656.245(1)(b) creates a procedure whereby an insurer or the director, at the request of the worker's attending physician, nonetheless may approve "palliative care which would otherwise not be compensable under this paragraph." Under that sentence, palliative care for which a physician seeks approval is not a compensable medical service unless the insurer or the director grants approval. That sentence does not suggest that the creation of an approval procedure modifies the predicate fact, stated in the first sentence of subsection (1)(b), that palliative care is not compensable. Only if the insurer or the director grants approval can the worker claim that palliative care that is otherwise noncompensable is a "medical service" provided "pursuant to this chapter" within the meaning of ORS 656.005(8).

Claimant argues that an ambiguity arises from the term "may" in the third sentence of ORS 656.245(1)(b):

> "If approval is not granted, the attending physician *may* request approval from the director for such treatment." (Emphasis added.)

We disagree. The legislature's use of the permissive term "may" in describing the physician's procedural right to request director approval is a recognition that the right of the physician to make the request does not create any duty on the physician to do so. So understood, the sentence does not alter the fact that the subject of the physician's request — if it is made — is noncompensable palliative care. Claimant's reading of the third sentence would make palliative care a compensable medical service, in contradiction of the first sentence in ORS 656.245(1)(b). Her reading also would render the approval procedure described in the second and third sentences of that subsection duplicative or useless. She does not explain those contradictions. We also agree with insurer's contention that the terminology in the approval procedure, whereunder a physician may "request approval" and an insurer or the director may "grant approval" of palliative care, reflects a legislative intention not to treat a request for palliative care as a "claim" under ORS 656.005(6) and ORS 656.283(1) that an insurer must "accept" or "deny" under ORS 656.262(6).[5] In view of those textual obstacles, we are not persuaded by claimant's argument that, in this context, the term "may" plausibly can be interpreted to create, by implication, a right to request a hearing under ORS 656.283(1) regarding noncompensable palliative care.

Claimant also argues that the legislature's choice to mention only "physicians," not "claimants," in describing the approval procedure in the second and third sentences in ORS 656.245(1)(b), signifies a legislative intent to permit a claimant to invoke the Board's hearing procedure under ORS 656.283(1) in order to obtain approval of palliative care. We disagree. The legislature's choice not to include claimants in the approval procedure does not alter the noncompensability of the palliative care to which the approval procedure applies.

---

[5] ORS 656.262(6) provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim."

In that context, the reference in the second and third sentences of ORS 656.245(1)(b) to the attending physician's procedural options does not indicate that disapproval of a request for noncompensable palliative care is a "question concerning a claim" under ORS 656.283(1).

We have examined the other subsections of ORS 656.245 but find nothing that casts doubt on our reading of ORS 656.245(1)(b). We also have examined ORS 656.327, which addresses the director's review of medical treatment disputes. That statute, however, relates only to a dispute over medical treatment that a worker *is receiving*, not a proposal for *future* medical treatment. *Martin v. City of Albany*, 320 Or 175, 188, 880 P2d 926 (1994). Neither ORS 656.327, nor any other statute to which the parties have directed our attention, creates any ambiguity about the meaning of ORS 656.245(1), ORS 656.704(3), or ORS 656.283(1) in this context.

We conclude that claimant's request for a hearing regarding insurer's disapproval of noncompensable palliative care is not a "matter[] in which a worker's right to receive compensation, or the amount thereof, [is] directly in issue," within the meaning of ORS 656.704(3), because noncompensable palliative care is not "compensation" within the meaning of ORS 656.005(8). For that reason, claimant's request for a hearing did not relate to a "question concerning a claim" that the Board was authorized to resolve under ORS 656.283(1). It follows that the Board and the Court of Appeals correctly determined that the Board had no authority to consider the claim. The Board did not err in dismissing claimant's request for a hearing.

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is affirmed.