Argued and submitted September 9, decision of the Court of Appeals and order of the
Workers' Compensation Board affirmed December 2, 1994

In the Matter of the Compensation of
Rexi L. Nicholson, Claimant.

Rexi L. NICHOLSON,
*Petitioner on Review,*

*v.*

SALEM AREA TRANSIT
and SAIF Corporation,
*Respondents on Review.*

(WCB 91-03460; CA A76237; SC S41208)

884 P2d 864

Robert Wollheim, of Welch, Bruun, Green & Wollheim, Portland, argued the cause for petitioner on review. With him on the petition was Gary D. Allen, of Emmons, Kropp, Kryger, Alexander, Egan & Allen, P.C., Albany.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

DURHAM, J.

**DURHAM, J.**

The issue in this case is whether the Workers' Compensation Board (Board) erred in dismissing claimant's request for a hearing regarding insurer's refusal to approve palliative medical care under ORS 656.245(1)(b).[1] The Court of Appeals affirmed the Board's conclusion that the palliative care dispute was not a "question concerning a claim," under ORS 656.283(1),[2] because the approval procedure for palliative care in ORS 656.245(1)(b) was the exclusive procedure for obtaining that care. Therefore, according to the court, under the last sentence of ORS 656.704(3),[3] the Board had no jurisdiction over the dispute. *Nicholson v. Salem Area Transit*, 126 Or App 172, 173, 866 P2d 525 (1994) (citing *Hathaway v. Health Future Enterprises*, 125 Or App 549, 865 P2d 503 (1993), *aff'd*, 320 Or 383, 884 P2d 549 (1994)). We allowed review to address the jurisdictional issue. As in *Hathaway*, we affirm the decision of the Court of Appeals, but for a different reason.

In 1985, claimant suffered a work-related back and neck strain. Insurer accepted the claim, and it was closed by a

---

[1] ORS 656.245(1)(b) provides:

"Notwithstanding paragraph (a) of this subsection, after the worker has become medically stationary, palliative care is not compensable, except when provided to a worker who has been determined to have permanent total disability, when necessary to monitor administration of prescription medication required to maintain the worker in a medically stationary condition or to monitor the status of a prosthetic device. If the worker's attending physician referred to in ORS 656.005(12)(b)(A) believes that palliative care which would otherwise not be compensable under this paragraph is appropriate to enable the worker to continue current employment, the attending physician must first request approval from the insurer or self-insured employer for such treatment. If approval is not granted, the attending physician may request approval from the director for such treatment. The director shall appoint a panel of physicians pursuant to ORS 656.327(3) to review the treatment."

[2] ORS 656.283(1) provides:

"Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim."

[3] ORS 656.704(3) provides:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, such matters do not include any proceeding for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter."

determination order in November 1986. In July 1990, Dr. Stringham, claimant's attending physician, recommended to insurer that claimant receive treatment from a chiropractic physician.[4] According to the Board,

"[t]he treatment recommended by Dr. Stringham was for palliative care, i.e., manual manipulation and electrical stimulation. The treatment modality was recommended by Dr. Stringham to maintain claimant's level of functioning, control pain, keep claimant from being severely symptomatic and allow claimant to work full time. The requested treatment is not required to monitor administration of prescription medicine[,] to maintain claimant in a medically stationary status or to monitor the status of a prosthetic device * * *."

In September 1990, insurer disapproved Stringham's recommendation. In January 1991, Stringham requested that the director of the Department of Insurance and Finance[5] approve the treatment. In March 1991, the director issued an order denying the request. Claimant requested a hearing before the Board under ORS 656.283(1). The Board held that it had no jurisdiction over the dispute, and the Court of Appeals affirmed.[6]

■ In *Hathaway v. Health Future Enterprises, supra,* 320 Or at 390, this court held that a request for a hearing regarding noncompensable palliative care is not a "question concerning a claim" under ORS 656.283(1), because it does not concern "compensation":

"We conclude that claimant's request for a hearing regarding insurer's disapproval of noncompensable palliative care is not a 'matter[] in which a worker's right to receive compensation, or the amount thereof, [is] directly in issue,' within the

---

[4] Because the parties do not dispute that the treatment recommended by Stringham was "palliative care," we have no occasion to decide the meaning or scope of the phrase "palliative care" in ORS 656.245(1)(b). *See Hathaway v. Health Future Enterprises, supra,* 320 Or at 385 n 2 (same).

[5] The Department of Insurance and Finance is now known as the Department of Consumer and Business Services. Or Laws 1993, ch 744, § 10.

[6] The Board declined to address the constitutionality of ORS 656.245(1)(b), because no party had raised that question. Claimant argued to the Court of Appeals and also argues to this court that ORS 656.245(1)(b) is unconstitutional and that we should address that issue as an error apparent on the face of the record. *See Ailes v. Portland Meadows, Inc.,* 312 Or 376, 381, 823 P2d 956 (1991) (stating standards for review of unpreserved error). We decline claimant's invitation.

meaning of ORS 656.704(3), because noncompensable pallia-tive care is not 'compensation' within the meaning of ORS 656.005(8).[7] For that reason, claimant's request for a hear-ing did not relate to a 'question concerning a claim' that the Board was authorized to resolve under ORS 656.283(1). It follows that the Board and the Court of Appeals correctly determined that the Board had no authority to consider the claim."

The facts in this case are similar to those in *Hatha-way*. Claimant agrees that her request, like that in *Hathaway*, does not concern palliative care that is covered by an excep-tion to the rule of noncompensability stated in the first sentence of ORS 656.245(1)(b). In each case, the attending physician requested that the insurer approve palliative care, and the insurer declined.

One procedural matter distinguishes this case from *Hathaway*. In *Hathaway*, after the insurer disapproved the physician's request, the claimant requested a board hearing under ORS 656.283(1). In this case, after insurer declined approval, the physician requested approval by the director, and the director refused to approve the care.

Claimant argues that her physician satisfied the requirements of the approval procedure described in the second and third sentences of ORS 656.245(1)(b). She also argues that the legislature's use of the permissive term "may" in the third sentence of ORS 656.245(1)(b) indicates a legislative intent to permit claimant to use other procedural avenues, such as ORS 656.283(1), to obtain approval of noncompensable palliative care, at least where, as here, the physician first exhausts the statutory approval procedure. We do not agree.

In *Hathaway*, we rejected the argument that the term "may" in this context signifies a legislative intention to permit the Board to address claims for palliative care under ORS 656.283(1):

"The legislature's use of the permissive term 'may' in describ-ing the physician's procedural right to request director approval is a recognition that the right of the physician to

7 ORS 656.005(8) provides:

" 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter."

make the request does not create any duty on the physician to do so. So understood, the sentence does not alter the fact that the subject of the physician's request — if it is made — is noncompensable palliative care. Claimant's reading of the third sentence would make palliative care a compensable medical service, in contradiction of the first sentence in ORS 656.245(1)(b). Her reading also would render the approval procedure described in the second and third sentences of that subsection duplicative or useless. She does not explain those contradictions. We also agree with insurer's contention that the terminology in the approval procedure, whereunder a physician may 'request approval' and an insurer or the director may 'grant approval' of palliative care, reflects a legislative intention not to treat a request for palliative care as a 'claim' under ORS 656.005(6) and ORS 656.283(1) that an insurer must 'accept' or 'deny' under ORS 656.262(6).[5] In view of those textual obstacles, we are not persuaded by claimant's argument that, in this context, the term 'may' plausibly can be interpreted to create, by implication, a right to request a hearing under ORS 656.283(1) regarding noncompensable palliative care.

---

"[5] ORS 656.262(6) provides, in part:

" 'Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim.' " 320 Or at 389.

The physician's exhaustion of the approval procedure does not lead us to a different conclusion. The fact remains that the subject of the physician's request is noncompensable palliative care. Nothing in the text suggests that disapproval by the director changes the noncompensable character of the requested care.

■ Claimant also argues that the Board erred, because the director violated the obligation in ORS 656.245(1)(b) to "appoint a panel of physicians pursuant to ORS 656.327(3) to review the treatment" recommended by Stringham. She contends that that procedural error renders the director's order invalid. Claimant's argument misses the point. Nothing in ORS chapter 656 authorizes the Board to review, for procedural error, a director's order that disapproves noncompensable palliative care, or to treat a request for palliative care as a question concerning a claim under ORS 656.283(1)

if, as claimant asserts, the director's order is "invalid" due to procedural error.[8] Because the director's arguable error in failing to appoint a panel of physicians, as required by ORS 656.245(1)(b), does not make the request for noncompensable palliative care a question concerning a claim under ORS 656.283(1), the Board correctly dismissed the request for a hearing.

*Hathaway* disposes of claimant's remaining arguments. We find no error.

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is affirmed.

---

[8] Although we do not decide the question here, ORS 656.704(2) may play a role in the determination of whether a claimant has a remedy for procedural error by the director in disapproving palliative care. It provides, in part:

"Actions and orders of the director and the conduct of hearings and other proceedings pursuant to this chapter, and judicial review thereof, regarding all matters other than those concerning a claim under this chapter, are subject only to ORS 183.310 to 183.550 and such procedural rules as the director may prescribe."