In the Matter of the Compensation of
Lela M. Kenfield, Claimant.

Lela M. KENFIELD,
*Petitioner,*

*v.*

HEALTH FUTURE, INC., Insurer,
and Merle West Medical Center, Employer,
*Respondents.*

(WCB 91-08331; CA A87384)

912 P2d 414

Darris K. Rowell argued the cause and filed the brief for petitioner.

Adam T. Stamper argued the cause for respondents. With him on the brief was Cowling, Heysell, Plouse, Ingalls & Moore.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in dismissing her request for hearing on the ground that the director of the Department of Consumer and Business Services has exclusive jurisdiction of the dispute. We affirm.

Claimant has an accepted claim for low back strain. The claim was closed in 1987 by a determination order. In October 1990, Dr. Grant began treating claimant for chronic myofascial low back and left leg pain and prescribed physical therapy. Employer denied payment of medical treatment and physical therapy on the ground that they constituted non-compensable palliative care. The administrative law judge found that the sole issue was whether the disputed medical care was curative or palliative, and concluded that the Hearings Division did not have original jurisdiction over the request for hearing. Claimant sought review, and we remanded the case to the Board for reconsideration in the light of our opinion in *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993), *rev den* 320 Or 453 (1994).

In its order on remand, the Board found that claimant had not sought review by the director and that the Board therefore had jurisdiction to consider the dispute as we had interpreted ORS 656.327(1) in *Meyers*. The Board found, further, that the requested treatment was palliative, rather than curative, and that it was not compensable under ORS 656.245(1)(b). The Board held that the director had exclusive jurisdiction regarding any further challenge to the denial of palliative medical services. It declined to consider claimant's constitutional challenge to the statutory scheme denying compensation for palliative care.

The parties have stipulated that the requested treatment is reasonable and necessary to claimant's compensable injury. In her petition for review, claimant does not challenge the Board's finding that her requested treatment is palliative rather than curative. She does not ask the court to evaluate the merits of her constitutional challenge. She contends only that the Board erred in determining that it lacked jurisdiction to determine whether the statutory limitations on compensation for palliative care are constitutional, asserting that she has a vested right to palliative medical

services. We conclude that the Board correctly reasoned that, once it had determined that the requested medical care was palliative, any arguments related to the compensability of the care, including constitutional challenges to the statute, were to be addressed to the director. *Hathaway v. Health Future Enterprises*, 125 Or App 549, 865 P2d 503, *aff'd* 320 Or 383, 884 P2d 549 (1994).[1]

Affirmed.

---

[1] We note that in 1995 the legislature amended ORS 656.327 and ORS 656.245. The amendments are retroactive and apply to this case. The changes do not affect the outcome of this case, however. As amended, ORS 656.327(1) provides:

"(a) If an injured worker, an insurer or self-insured employer or the Director of the Department of Consumer and Business Services believes that the medical treatment * * * that the injured worker has received, is receiving, will receive or is proposed to receive is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services, the injured worker, insurer or self-insured employer shall request review of the treatment by the director and so notify the parties.

"(b) Unless the director issues an order finding that no bona fide medical services dispute exists, the director shall review the matter as provided in this section. Appeal of an order finding that no bona fide medical services dispute exists shall be made directly to the Workers' Compensation Board within 30 days after issuance of the order. The board shall set aside or remand the order only if the board finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding in the order when the record, reviewed as a whole, would permit a reasonable person to make that finding. The decision of the board is not subject to review by any other court or administrative agency.

"(c) The insurer or self-insured employer shall not deny the claim for medical services nor shall the worker request a hearing on any issue that is subject to the jurisdiction of the director under this section until the director issues an order under subsection (2) of this section."

As amended, ORS 656.245(1)(c)(J) provides, in part:

"Notwithstanding any other provision of this chapter, medical services after the worker's condition is medically stationary are not compensable except for the following:

"* * * * *

"(J) With the approval of the insurer or self-insured employer, palliative care that the worker's attending physician referred to in ORS 656.005-(12)(b)(A) prescribes and that is necessary to enable the worker to continue current employment or a vocational training program. If the insurer or self-insured employer does not approve, the attending physician or the worker may request approval from the Director of the Department of Consumer and Business Services for such treatment. The director may order a medical review by a physician or panel of physicians pursuant to ORS 656.327(3) to aid in the review of such treatment. The decision of the director is subject to the contested case and review provisions of ORS 183.310 to 183.550."